1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN RINDERKNECHT,<br><br>Defendant(s). | Case No. CR 25-0833-AH<br><br>**STANDING ORDER FOR CRIMINAL CASES ASSIGNED TO JUDGE ANNE HWANG** |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to Judge Anne Hwang.  Both the court and the parties' counsel bear responsibility for the progress of this action. "Counsel," as used in this Order, includes attorneys and parties who have elected to appear without an attorney and are representing themselves (hereinafter referred to as "pro se defendants").  To ensure the just determination of this action, "to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay," Fed. R. Crim. P. 2, all parties or their counsel, including *pro se* defendants, are ordered to be familiar with the Federal Rules of Criminal Procedure, the Local Criminal Rules of the Central District of California ("Local Criminal Rules"), the

applicable Local Civil Rules of the Central District of California ("Local Civil Rules"),[1] and this court's standing orders, online procedures, and schedules.

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

    A.    **GENERAL REQUIREMENTS**

        **1. Formatting of Pleadings**

The caption title of every pleading shall contain the name of the first-listed defendant if the pleading applies to all defendants. If the document applies only to certain defendants, the caption shall list the name of the first defendant followed by the name(s) and number(s) of the remaining defendants involved (in the order listed on the docket). In an effort to create a docket that is clear and that can be searched easily, the title of every pleading shall include the name of the defendant(s) to which it refers. However, if the pleading applies to all defendants or if there is only a single defendant, the name(s) of the defendant(s) do not need to appear in the title.

        **2. Electronic Filing**

Counsel shall electronically file ("e-file") all filings pursuant to the Central District's Local Rules and General Orders concerning electronic filing, unless superseded by this Order. Items that do not require the Court's signature shall be e-filed in PDF format. Pro se defendants may submit documents for filing through the Court's Electronic Document Submission System ("EDSS") instead of mailing or bringing documents to the Clerk's Office. Only internet access and an email address are required. Documents are submitted in PDF format through an online portal on the Court's website. To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

---

[1] "When applicable directly or by analogy, the Local [Civil] Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified." Local Criminal Rule 57-1.

### 3. Mandatory Chambers Copies

Mandatory chambers copies are to be submitted pursuant to Local Civil Rule 5-4.5. The Court requires copies of: (i) initial pleadings (information, indictment, superseding information or indictment); (ii) motion papers (motions, oppositions, replies, non-oppositions, and any related document); (iii) trial documents (joint statement of the case, proposed voir dire, jury instructions, verdict form, joint exhibit list, joint witness list, and any disputes relating to any of the foregoing); (iv) plea agreements; and (v) sentencing position papers.

Deliver Chambers Copies promptly to Judge Hwang's mailbox outside the Clerk's Office on the fourth floor of the First Street Courthouse no later than 12:00 p.m. on the court day following the filing of the document. Applicable documents will not be considered until Chambers Copies are submitted. Delay in submitting such copies will delay consideration of the submission.

Chambers Copies, which do not need to be submitted with blue backing, should be copies of the filed document—i.e., they should have the docket information on the top of each page. Filings that include highlighting, color photographs, "redlining," or the like should be printed in color.

### 4. Proposed Orders

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. The Court enforces strict compliance with Local Rule 5-4.4.2, which instructs: "After a document requiring a judge's signature has been lodged under L.R. 5-4.4.1, a. . . Microsoft Word copy of the proposed document, along with a PDF copy of the electronically filed main document, must be emailed to the assigned judge's generic chambers email address," namely, AH_chambers@cacd.uscourts.gov. The Court will not consider a stipulation, *ex parte* application, or other request for relief until a compliant proposed order is received by email. If the proposed order is based on a

stipulation or an *ex parte* application, counsel must email both the order and the stipulation or *ex parte* application. Otherwise, accompanying documents (such as motions) should not be emailed to Chambers.

### 5. Artificial Intelligence

Any party who uses generative artificial intelligence (such as ChatGPT, Harvey, CoCounsel, or Google Bard) to generate any portion of a brief, pleading, or other filing must attach to the filing a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations.

### B.  DISCOVERY

Counsel shall comply promptly with discovery and notice pursuant to Rules 12, 12.1, 12.2, 12.3, 12.4, 15, and 16. of the Federal Rules of Criminal Procedure. The Government shall promptly produce to counsel for the defendant any evidence falling within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Roviaro v. United States*, 353 U.S. 53 (1957) and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). Upon government counsel's discovery of any evidence within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), such evidence shall be produced forthwith to counsel for the defendant. Counsel for the government shall also disclose to counsel for defendant the existence or non-existence of: (1) evidence obtained by electronic surveillance; and (2) testimony by a government informer.

The Government shall produce to defendant(s) the discovery related to evidence it seeks to introduce at trial no later than two (2) weeks prior to the scheduled trial date. If there is discovery related to trial evidence that is produced after this date, such evidence will not be admitted at trial subject to an *ex parte* application being filed by the Government seeking such relief that is approved by the Court.

Counsel shall meet and confer to resolve discovery disputes informally prior to

filing a motion to compel discovery. All discovery motions shall state with particularity what is requested, the basis for the request, whether the discovery at issue has been requested, and opposing counsel's response to such request. The Court may decline to hear discovery motions made without prior consultation with opposing counsel.

### C. **BAIL REVIEW**

Any request for bail review based on changed circumstances or information not previously presented to the Magistrate Judge shall be addressed in the first instance to the Magistrate Judge and shall be served on both opposing counsel and Pretrial Services.

### D. **CONTINUANCES**

Continuances are granted only on a showing of good cause.  Requests for continuances must be made before the date to be continued and by motion or stipulation, along with a proposed order.  Motions and stipulations must be accompanied by a detailed declaration setting forth the specific reasons for the requested continuance and the precise deadline(s) the parties propose.  A stipulation that fails to list the precise date(s) the parties wish to move, and the new date(s) they propose, will be denied for failure to comply with this Standing Order.  For example, if the stipulation improperly proposes that all deadlines be moved by "60 days" without specifying the proposed new dates that would result from that requested continuance, the Court will deny the request.  The declaration also should state whether there have been any previous requests for continuances; whether these requests were granted or denied by the Court; what efforts were made to meet the existing deadline; and what, if any, prejudice would result if the request is denied.  Stipulations extending dates set by this Court are not effective unless approved by the Court.

### E. MOTIONS - GENERAL REQUIREMENTS

#### 1. Time for Filing and Hearing Motions

Motions shall be filed in accordance with Federal Rule of Criminal Procedure 47 and Local Criminal Rule 49, et seq., unless superseded by this Order. Pretrial motions, including motions in limine, shall be filed no later than four weeks before the Final Pretrial Conference. This Court hears criminal motions on Wednesdays, beginning at 8:30 a.m. The Court hears all motions in limine, which shall be numbered sequentially by each party who presents them, at the time of the Final Pretrial Conference. The last day to hear motions is the date of the Final Pretrial Conference. All motions shall be set in accordance with this Order and the Local Rules.

#### 2. "Meet and Confer" Requirement

Counsel must meet and confer with opposing counsel "to discuss thoroughly … the substance of the contemplated motion and any potential resolution" thereof. Local Criminal Rule 57-1; Local Civil Rule 7-3. Counsel shall discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the court.

#### 3. Length and Format of Motion Papers

Memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages. Replies shall not exceed twelve (12) pages. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. Typeface and spacing shall comply with Local Rule 11-3.1.1, except that the parties are required to use only 14-point Times New Roman font. Footnotes shall be in the same font and the same size as the body of the memorandum. Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to PDF format so that when a document is electronically filed, it is in proper size and is text searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document.

*See* Local Rule 5-4.3.1.

### a. Documents with Declarations, Exhibits, and Other Attachments

If a filed or lodged document has declarations, exhibits, or other attachments, each of these must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration).

### b. Citations to Case Law

Citations to case law must identify not only the case cited, but the specific page referenced. Citations to cases must be in Bluebook format. Parties should not use string cites without good reason. When using string cites, a party should include a parenthetical explanation for each cited case.

### c. Citations to Other Sources

Statutory references should identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

## 4. Ex Parte Applications

The Court considers *ex parte* applications on the papers and does not usually set these matters for a hearing. If a hearing is necessary, the parties will be notified. *Ex parte* applications are solely for extraordinary relief and should be used with discretion. Any party seeking *ex parte* relief must comply with Local Rule 7-19. The opposing party should advise the CRD as soon as possible whether it intends to oppose the *ex parte* application. The application will not be considered until a Mandatory Chambers Copy has been provided. Reply briefs in support of *ex parte* applications are not permitted. The parties must provide Chambers Copies on the same day they are filed. The parties should not assume that an unopposed *ex parte* application will be granted; and a last-minute application (or stipulation) that is denied will not serve to relieve a party of an underlying obligation (e.g., a soon-to-expire deadline).

### F. HEARINGS

All criminal matters are heard on Wednesdays at 8:30 a.m.

#### 1. Sentencing Hearings

A sentencing hearing will be scheduled at the conclusion of the plea hearing. It will be scheduled for no less than 14 weeks after the plea hearing to permit the preparation of the presentence report. Both parties will be permitted to file a sentencing brief, which is due no later than 14 days before the sentencing hearing. If either party does not intend to file a brief, the Courtroom Deputy Clerk shall be notified no less than 14 prior to the sentencing Hearing.

Any request for a continuance shall be made no later than seven days prior to the date of the hearing.

#### 2. Change of Plea/Entry of Guilty Plea Hearings

Counsel shall contact the Courtroom Deputy Clerk to set a date for the hearing. If the parties agree to proceed with an open plea, counsel shall confer and file a stipulation as to the factual basis no later than seven days prior to the hearing. A superseding information or indictment shall not be attached to the end of the plea agreement. It shall be filed pursuant to the Local Rules and have its own docket entry. Counsel will be referred to PIA to be arraigned on the new charges.

### G. TRIAL REQUIREMENTS

No later than 14 days before the Final Pretrial Conference, counsel shall file the following:

#### 1. Trial Memorandum

The government shall file a trial memorandum that shall set forth (1) a factual summary of the government's case-in-chief; (2) a statement of the charges and the elements of each charge; (3) a time estimate of the length of the government's case-in-chief, including anticipated cross-examination; and (4) a discussion of relevant legal and evidentiary issues as applied to the facts of the particular case. The government shall specify, after a meet and confer, whether the parties agree or disagree on matters

(1) through (4).

## 2. Statement of the Case

Counsel shall meet and confer 21 calendar days prior to the Final Pretrial Conference and seek to reach agreement on a Joint Statement of the Case that will be read to the panel of prospective jurors. Counsel shall file the joint statement of the case no later than 14 calendar days prior to the Final Pretrial Conference. If the parties cannot agree on such a joint statement, they shall file a "Disputed Joint Statement of the Case," which shall include each party's respective proposed statement, together with a "redline" comparing the parties' respective statements. The parties shall deliver a courtesy copy pursuant to Local Civil Rule 5-4.5. A final version of the joint statement shall be provided to the Court on the first day of trial.

## 3. Voir Dire

Counsel may submit proposed voir dire questions that are unique to the particular trial. Each party may file their respective questions 14 calendar days prior to the Final Pretrial Conference.

## 4. Witness List

The Government shall file a witness list no later than 14 calendar days prior to the Final Pretrial Conference. The list shall include the witnesses in the order that they are expected to testify, and will provide, to the extent possible, an accurate estimate of the time needed for each witness for direct testimony. It shall also include a brief summary of each witness' testimony. If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative.

Not later than 12:00 pm on the Friday before the commencement of trial, the Government and defense counsel shall each email their respective witness lists in Word to AH_Chambers@cacd.uscourts.gov. If the defendant does not intend to call any witnesses, the email shall so state.

### 5. Jury Instructions

Jury instructions shall be filed no later than 14 calendar days prior to the Final Pretrial Conference. The parties shall make every attempt to agree upon jury instructions before submitting proposals to the Court. The Court prefers Ninth Circuit model instructions. Counsel shall exchange proposed jury instructions (general and special) 28 calendar days prior to the Final Pretrial Conference. Counsel shall exchange any objections to the instructions 21 calendar days prior to the Final Pretrial Conference. Counsel shall meet and confer with the goal of reaching an agreement on one set of joint jury instructions, which shall be filed no later than 14 calendar days before the Final Pretrial Conference. If the parties disagree over any proposed jury instruction(s), the parties shall file: (i) one set of proposed jury instructions to which all parties agree; and (ii) one set of disputed jury instructions, which shall include a "redline" of any disputed language and/or the factual or legal basis for each party's respective position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that the instructions that address the same or similar issues are presented sequentially. The parties shall deliver a courtesy copy of these documents pursuant to Local Civil Rule 5-4.5. A final "clean" version of the jury instructions, which shall include the text of each instruction (eliminating titles, supporting authority, indication of party proposing, etc.), shall be provided to the Court on the first day of trial and sent via email in Word to AH_Chambers@cacd.uscourts.gov.

### 6. Verdict Forms

The parties shall make every attempt to agree upon a verdict form before submitting proposals to the Court. Counsel shall file a proposed verdict form(s) no later than 14 calendar days prior to the Final Pretrial Conference. If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline" of any disputed language; and (iii) the factual or legal

basis for each party's respective position if the entire form is being disputed. The parties shall deliver a courtesy copy of these documents pursuant to Local Civil Rule 5-4.5. A final version of the verdict form shall be provided to the Court on the first day of trial and sent via email in Word to AH_Chambers@cacd.uscourts.gov.

### 7. Exhibits

#### a. Exhibit List

Counsel shall each prepare an exhibit list in compliance with Local Civil Rule 16-6. Counsel shall meet and confer at least 21 calendar days before the Final Pretrial Conference to discuss and seek to agree, to the extent possible, on issues including foundation and admissibility of proposed exhibits by the Government. The exhibit list shall comply with Local Civil Rule 16-6.1. The Government shall file its exhibit list 14 calendar days prior to the Final Pretrial Conference. Counsel shall file a "Notice of Disputed Exhibits," if applicable, which shall set forth the basis for any disputed exhibit(s). Counsel shall confer so that there are no duplicate exhibits.

Not later than 12:00 pm on the Friday before the commencement of trial, the Government and defense counsel shall each email their respective exhibit list in Word to AH_Chambers@cacd.uscourts.gov. If the defendant does not intend to offer any exhibits, then the email shall so state.

#### b. Exhibit Preparation

One original (witness copy) and two copies (bench and courtroom deputy copy) shall be presented to the Courtroom Deputy Clerk on the first day of trial. The exhibits shall be presented in a binder. Each binder shall be clearly labeled on the spine to include the case name, party and volume umber. The Court does not require specific exhibit tags so long as each document is Bates stamped and separated with a divider that is numbered. Each party shall use a different number sequence and shall comply with Local Civil Rule 26-3.

#### c. Voluminous/Security Prone Trial Exhibits/Materials

Arrangements for bringing voluminous trial materials or exhibits into the

Courtroom through the Building Vehicle Loading Dock, if required, may be made through the Space & Facilities Help Desk at (213) 894-1400. Before contacting Space & Facilities for a required security pass, prior approval of delivery time must be coordinated with the Courtroom Deputy Clerk. Once approval from the Clerk is received, logistical delivery information must be provided to Space & Facilities no later than 48 hours prior to the date of arrival to create and issue the required security pass. Counsel and messengers attempting to access the building parking and loading dock without a required pass will be denied entry. Exhibits such as firearms, narcotics, etc., must remain in the custody of a law enforcement agent during the pendency of the trial. It shall be the responsibility of the agent to produce any such items for the Court, secure them at all times that the Court is not in session, and guard them at all times while in the courtroom. The United States Marshals Service shall be advised whenever weapons or contraband are to be brought into the courthouse.

    d. **Video Exhibits**

Counsel shall seek admission only of the portions of video exhibits played before the jury. The Court will not admit extraneous portions of videos and will strictly control the admission of any wasteful or cumulative video exhibits under Rule 403.

    e. **Glossary/Notice**

At least one week before trial, the parties much confer and file a glossary of terms for the court reporter that includes applicable medical, scientific, or technical terms, gang terms, slang, the names and spellings of names likely to be cited, and any other case-specific terminology.

  H.    **ATTORNEY AND PARTY CONDUCT AT TRIAL**

    1. **Trial Schedule**

The Court will adopt a particular time schedule on a case-by-case basis. In general, the schedule will be either: (i) from 8:30 a.m. to 2:30 p.m. with two or three 20-minute breaks; or (ii) from 9:00 a.m. to 4:30 p.m., with a 15-minute break in both

the morning and the afternoon, and a one-hour lunch break. This schedule may be changed for each trial and during each trial depending on the scheduling needs of jurors, witnesses, counsel or the Court. Defense counsel is responsible for making the necessary arrangements with the United States Marshals Service so that any defendant who is in custody is provided clothing and/or snacks.

### a. Courtesy Copies

At the time of trial, counsel shall provide to the Courtroom Deputy Clerk three (3) copies of: (i) the witness list in the order in which the witnesses will be called to testify; (ii) the witness list in alphabetical order; (iii) a final set of jury instructions; (iv) a final version of the verdict form; (v) the exhibit list and exhibits; (vi) proposed voir dire questions; and (vii) a statement of the case. To the extent changes are made to the jury instructions, verdict form, or exhibit list, a Word version shall be emailed immediately to AH_Chambers@cacd.uscourts.gov.

## 2. Trial Conduct

### a. Opening Statements, Examining Witnesses and Summation

At the end of each day, counsel presenting his or her case shall advise opposing counsel of the witnesses expected to testify the following day, with an estimate of the length of direct examination for each witness. Opposing counsel shall provide an estimate of the length of cross-examination for each witness. Cooperation of counsel will ensure an efficient trial process. It is the responsibility of all counsel to arrange the appearance of witnesses in order to avoid delay.

Opening statements, examination of witnesses and summation will be from the lectern only. Counsel should not spend an unreasonable amount of time writing out words or drawing charts or diagrams. Counsel may do so in advance and explain that the item was prepared earlier to save time as ordered by the Court. The Court will honor reasonable time estimates for opening and closing presentations to the jury. In jury trials, where a party has more than one lawyer, only one may conduct the direct or cross-examination of a given witness.

### b. Punctuality

The Court expects the parties, counsel, and witnesses to be punctual. Once the parties and their counsel are engaged in trial, the trial must be their priority. The Court will not delay progress of the trial or inconvenience jurors. If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

The parties must notify the CRD in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason. No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested. The Court generally will accommodate witnesses by permitting them to be called out of sequence. Counsel should meet and confer in advance and make every effort to resolve the matter.

### c. Objections and General Decorum

When objecting, counsel must stand to state the objection and state only that counsel objects and the legal ground for objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so; the Court may or may not grant a request for conference at sidebar. The Court strongly discourages the excessive use of sidebars because this is inefficient. Instead, evidentiary issues should be anticipated in advance of trial and should be addressed through motions in limine and/or in connection with the rulings on exhibits.

Counsel must not approach the Courtroom Deputy Clerk or the witness stand without permission. When permission is given, counsel shall return to the lectern when the task has been completed. Counsel must not engage in questioning a witness at the witness stand absent specific approval by the Court.

Counsel must address all remarks to the Court. Counsel are not to address the Courtroom Deputy Clerk, the Reporter, persons in the audience or opposing counsel. If counsel wishes to speak with opposing counsel, counsel must ask permission to talk

off the record. Any request for the re-reading of questions or answers shall be addressed to the Court, not to the court reporter. Counsel must not make an offer of stipulation unless counsel already has conferred with opposing counsel and has reason to believe the stipulation will be acceptable. On the first day of trial counsel shall advise the Court of any commitments that may result in counsel's absence or late arrival on any day of the trial.

Dated: OCTOBER 22, 2025

_____
HON. ANNE HWANG
UNITED STATES DISTRICT JUDGE