1  BILAL A. ESSAYLI
   First Assistant United States Attorney
2  ALEXANDER B. SCHWAB
   Assistant United States Attorney
3  Acting Chief, Criminal Division
   MARK A. WILLIAMS (Cal. Bar No. 239351)
4  Chief, Environmental Crimes & Consumer Protection Section
   MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
5  LAURA A. ALEXANDER (Cal. Bar No. 313212)
   DANBEE C. KIM (Cal. Bar No. 350014)
6  Assistant United States Attorneys
   Environmental Crimes & Consumer Protection and
7  Public Corruption & Civil Rights Sections
        1100/1400 United States Courthouse
8       312 North Spring Street
        Los Angeles, California 90012
9       Telephone: (213) 894-3359/8644/0141/6530
        Facsimile: (213) 894-1019
10      Email:     mark.williams@usdoj.gov
                   matthew.obrien@usdoj.gov
11                 laura.alexander@usdoj.gov
                   danbee.kim@usdoj.gov
12
   Attorneys for Plaintiff
13 UNITED STATES OF AMERICA

14                    UNITED STATES DISTRICT COURT

15                FOR THE CENTRAL DISTRICT OF CALIFORNIA

16 UNITED STATES OF AMERICA,            No. CR 25-833-AH

17             Plaintiff,               STIPULATION REGARDING REQUEST FOR
                                        (1) CONTINUANCE OF TRIAL DATE AND
18                  v.                  (2) FINDINGS OF EXCLUDABLE TIME
                                        PERIODS PURSUANT TO SPEEDY TRIAL
19 JONATHAN RINDERKNECHT,               ACT
     aka "Jonathan Rinder,"
20   aka "Jon Rinder,"                  **CURRENT TRIAL DATE:**    12/16/25
                                        **PROPOSED TRIAL DATE:**   4/21/26
21             Defendant.

22

23

24       Plaintiff United States of America, by and through its counsel

25 of record, Assistant United States Attorneys Mark A. Williams,

26 Matthew W. O'Brien, Laura A. Alexander, and Danbee C. Kim, and

27 defendant JONATHAN RINDERKNECHT ("defendant"), both individually and

28

by and through his counsel of record, Steven A. Haney, Sr., hereby stipulate as follows:

1.   The Indictment in this case was filed on October 15, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 23, 2025.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 1, 2026.

2.   On October 23, 2025, the Court set a trial date of December 16, 2025, and a status conference on November 12, 2025.

3.   Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately 7-10 days.

4.   By this stipulation, defendant moves to continue the trial date to April 21, 2026, take the November 12, 2025, status conference off calendar, and set the following deadlines and hearing dates:

   a.   The parties' expert disclosures shall be exchanged on or before February 4, 2026.

   b.   Pretrial motions (including motions *in limine*), if any, shall be filed on or before February 25, 2026.

   c.   Oppositions to such pretrial motions shall be filed on or before March 11, 2026.

   d.   Replies to such pretrial motions, if any, shall be filed on or before March 18, 2026.

   e.   The hearing on any pretrial motions and final pretrial conference shall be on April 1, 2026.

5.   This is the first request for a continuance.

6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

1        a.   Defendant is charged with violations of 18 U.S.C.

2  § 844(f)(1) (Destruction of Property by Means of Fire), 18 U.S.C.

3  § 844(i) (Arson Affecting Property Used in Interstate Commerce), and

4  18 U.S.C. § 1855 (Timber Set Afire).  The government is in the

5  process of producing discovery to the defense, which is estimated to

6  be approximately 7 terabytes of data.  Defense counsel represents

7  that he will need significant time to review this volume of data, a

8  large portion of which may require expert analysis.

9        b.   Defense counsel is presently scheduled to be in trial

10  in *People v. Ishpinder Sahni* on December 1, 2025, in Wayne County

11  Circuit Court, and *United States v. Barry Willis* on December 16,

12  2025, in the Eastern District of Michigan.  Accordingly, counsel

13  represents that he will not have the time that he believes is

14  necessary to prepare to try this case on the current trial date.

15        c.   In light of the foregoing, counsel for defendant also

16  represents that additional time is necessary to confer with

17  defendant, conduct and complete an independent investigation of the

18  case, retain experts, conduct and complete additional legal research

19  including for potential pre-trial motions, review the discovery and

20  potential evidence in the case, and prepare for trial in the event

21  that a pretrial resolution does not occur.  Defense counsel

22  represents that failure to grant the continuance would deny him

23  reasonable time necessary for effective preparation, taking into

24  account the exercise of due diligence.

25        d.   Defendant believes that failure to grant the

26  continuance will deny him continuity of counsel and adequate

27  representation.

28        e.   The government does not object to the continuance.

f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 16, 2025, to April 21, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

1   Trial Act may in the future authorize the exclusion of additional

2   time periods from the period within which trial must commence.

3       IT IS SO STIPULATED.

4   Dated: November 3, 2025      Respectfully submitted,

5                          BILAL A. ESSAYLI

6                          First Assistant United States Attorney

7                          ALEXANDER B. SCHWAB
                         Assistant United States Attorney

8                          Acting Chief, Criminal Division

9                              /s/
                         MARK A. WILLIAMS

10                         MATTHEW W. O'BRIEN
                       LAURA A. ALEXANDER

11                        DANBEE C. KIM
                       Assistant United States Attorneys

12

13                        Attorneys for Plaintiff
                       UNITED STATES OF AMERICA

14

15      I am defendant JONATHAN RINDERKNECHT's attorney.  I have

16   carefully discussed every part of this stipulation and the

17   continuance of the trial date with my client. I have fully informed

18   my client of his Speedy Trial rights.  To my knowledge, my client

19   understands those rights and agrees to waive them.  I believe that my

20   client's decision to give up the right to be brought to trial earlier

21   than April 21, 2026 is an informed and voluntary one.

22   _____    _____

23   STEVEN A. HANEY, SR.          November 4 , 2025
  Attorney for Defendant

24   JONATHAN RINDERKNECHT

25

26      I have read this stipulation and have carefully discussed it

27   with my attorney.  I understand my Speedy Trial rights.  I

28   voluntarily agree to the continuance of the trial date, and give up

1  my right to be brought to trial earlier than April 21, 2026.

2

3  _Jonathan Rinderknecht_
   JONATHAN RINDERKNECHT          w/                    November 4, 2025
4  Defendant                     consent.
                                  permission

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6