BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection and
Public Corruption & Civil Rights Sections
     1100/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359/8644/0141/6530
     Facsimile: (213) 894-1019
     Email:    mark.williams@usdoj.gov
               matthew.obrien@usdoj.gov
               laura.alexander@usdoj.gov
               danbee.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JONATHAN RINDERKNECHT,<br>　aka "Jonathan Rinder,"<br>　aka "Jon Rinder,"<br><br>　　　　Defendant. | No. CR 25-833-AH<br><br>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT   [25]<br><br>**[PROPOSED] TRIAL DATE: 4/21/26** |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in

this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from December 16, 2025, to **April 21, 2026 at 8:30 a.m.**, and sets the following deadlines and hearing dates:

   a. The parties' expert disclosures shall be exchanged on or before February 4, 2026.

   b. Pretrial motions (including motions *in limine*), if any, shall be filed on or before February 25, 2026.

   c. Oppositions to such pretrial motions shall be filed on or before March 11, 2026.

   d. Replies to such pretrial motions, if any, shall be filed on or before March 18, 2026.

   e. The hearing on any pretrial motions and status conference/final pretrial conference shall be set on **April 1, 2026 at 9:00 a.m.**

2. The time period of December 16, 2025, to April 21, 2026, inclusive, is excluded in computing the time within which the trial

must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

3.  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

NOVEMBER 5, 2025
DATE

HONORABLE ANNE HWANG
UNITED STATES DISTRICT JUDGE

Presented by:

    /s/
MARK A. WILLIAMS
Assistant United States Attorney

3