BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection and
Public Corruption & Civil Rights Sections
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3359/8644/0141/6530
    Facsimile: (213) 894-1019
    Email:    mark.williams@usdoj.gov
                matthew.obrien@usdoj.gov
                laura.alexander@usdoj.gov
                danbee.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-833-AH |
|---|---|
| Plaintiff, | UNOPPOSED MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2); EXHIBIT |
| v. | |
| JONATHAN RINDERKNECHT, | Hearing Date: January 7, 2026 |
| Defendant. | Hearing Time: 8:30 a.m. |
| | Location: Courtroom of the Hon. Anne Hwang |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, Laura A. Alexander, and Danbee C. Kim, hereby moves this Court for an order authorizing the government to employ an alternative victim notification procedure under 18 U.S.C. § 3771(d)(2). On

1  November 20, 2025, defense counsel informed the undersigned counsel that defendant
2  does not oppose this motion.
3       This motion is based upon the attached memorandum of points and authorities and
4  the exhibit thereto, the files and records in this case, and such further evidence and
5  argument as the Court may permit.

6  Dated: November 21, 2025                Respectfully submitted,

7                                          BILAL A. ESSAYLI
                                            First Assistant United States Attorney
8
                                            ALEXANDER B. SCHWAB
9                                           Assistant United States Attorney
                                            Acting Chief, Criminal Division
10

11            /s/
    _____
    MARK A. WILLIAMS
12  MATTHEW W. O'BRIEN
    LAURA A. ALEXANDER
13  DANBEE C. KIM
    Assistant United States Attorneys
14
    Attorneys for Plaintiff
15  UNITED STATES OF AMERICA

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedure described below, in lieu of those prescribed by sections 3771(a), (b) and (c), on the grounds that the number of potential victims in this case makes it impracticable to otherwise accord victims the rights described in section 3771(a).

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Significantly, among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a)(2). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. Id. § 3771(b)(1).

The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e)(2)(A). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. See id.

## II. FACTUAL BACKGROUND

According to the indictment, the government alleges that defendant JONATHAN RINDERKNECHT ("defendant") intentionally and maliciously set a fire in the Pacific Palisades neighborhood of Los Angeles early in the morning of January 1, 2025. The government alleges that the fire developed into what became known as the Palisades Fire, one of the most destructive wildfires in Los Angeles history.

The fire impacted a large and diverse group of stakeholders, including, for example, families whose loved ones died in the fire, residents whose homes burned, business owners whose businesses burned, and federal, state, county, and local public entities whose properties burned in the fire. Thousands of structures burned in the fire, causing thousands of victims to be displaced.

## III. THE NEED FOR ALTERNATIVE VICTIM NOTIFICATION

The breadth and number of potential victims make compliance with the notification requirements outlined in §§ 3771(a), (b) and (c) impracticable. Neither the government nor the Court has the resources to accord all potential victims in this case the notice required by § 3771(a).

Civil lawsuits relating to the Palisades Fire have been filed seeking financial compensation and other relief from numerous parties. While the civil litigation may ultimately result in the identification of many of the victims of the fire, the civil litigation is an insufficient vehicle for the government to notify all potential victims of defendant's alleged crimes.

Therefore, due to the large number of potential victims in this case, the government intends to use the Justice Department's website for large cases (www.justice.gov/largecases/) as well as the website of the U.S. Attorney's Office for the Central District of California (www.justice.gov/usao-cdca) to direct potential victims to a case-specific website where all required notices will be posted. Attached hereto as **Exhibit 1** is the initial notice that the government anticipates posting on its website (the phone number and email address are pending, and will be specified upon posting).

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court authorize the government to employ an alternative victim notification procedure under 18 U.S.C. § 3771(d)(2).

Dated: November 21, 2025          Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

    /s/
MARK A. WILLIAMS
MATTHEW W. O'BRIEN
LAURA A. ALEXANDER
DANBEE C. KIM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA