TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection Section
1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3359/8644/6530
    Email:     mark.williams@usdoj.gov
            matthew.o'brien@usdoj.gov
            danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 25-833-AH |
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS |
| v. | |
| JONATHAN RINDERKNECHT,<br>  aka "Jonathan Rinder,"<br>  aka "Jon Rinder," | Trial Date:  June 8, 2026<br>Trial Time:  8:30 a.m.<br>Location:    Courtroom 9C of the<br>           Hon. Anne Hwang |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, and Danbee C. Kim, and defendant JONATHAN RINDERKNECHT, by and through his counsel of record, Steven A. Haney, hereby submit their Joint Proposed Jury Instructions for the above-captioned case. The parties will also file the Disputed Jury Instructions later this week as soon as they are finalized.

i

On May 13, 2026, the Court will hold a hearing on the parties' motions <u>in limine</u>. Given that the rulings on those motions will impact the upcoming trial, the parties will likely need to file additional joint and/or disputed jury instructions after May 13th.

Unless otherwise noted, the parties have used the most recent versions of the Jury Instructions found on the Ninth Circuit's website at: http://www3.ce9.uscourts.gov/web/sdocuments.nsf/crim.

Dated: April 29, 2026                    Respectfully submitted,

                                         TODD BLANCHE
                                         Acting Attorney General

                                         BILAL A. ESSAYLI
                                         First Assistant United States Attorney

                                         ALEXANDER B. SCHWAB
                                         Assistant United States Attorney
                                         Acting Chief, Criminal Division


                                         _____/s/_____
                                         MARK A. WILLIAMS
                                         MATTHEW W. O'BRIEN
                                         DANBEE C. KIM
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA


Dated: April 29, 2026                    Respectfully submitted,


                                         _____/s/_____
                                         STEVEN A. HANEY

                                         Attorney for Defendant
                                         JONATHAN RINDERKNECHT

## INDEX OF AGREED-UPON JOINT PROPOSED JURY INSTRUCTIONS

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 | 1 |
| 2 | | The Charges -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 | 2 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 | 3 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 | 4 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 | 5 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 | 6 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 | 7 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 | 9 |
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 | 11 |
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 | 12 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 | 13 |
| 12 | | Jury to Be Guided by English Translation | Ninth Circuit Model Criminal Jury Instructions, No. 1.12 | 14 |
| 13 | | Questions to Witnesses by Jurors During Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.14 | 15 |
| 14 | | Bench Conferences and Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 | 16 |
| 15 | | Publicity During Trial | Ninth Circuit Model Civil Jury Instructions, No. 1.16 | 17 |
| 16 | | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 | 18 |
| 17 | | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 | 19 |
| 18 | | Transcript of Recording in Foreign Language | Ninth Circuit Model Criminal Jury Instructions, No. 2.7 | 20 |
| 19 | | Other Crimes, Wrongs, or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 2.10 | 21 |
| 20 | | Evidence for Limited Purpose | Ninth Circuit Model Criminal Jury Instructions, No. 2.12 | 22 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 21 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 | 23 |
| 22 | | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.3 | 24 |
| 23 | | Impeachment Evidence – Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.8 | 25 |
| 24 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 | 26 |
| 25 | | Charts and Summaries Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 | 27 |
| 26 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 | 28 |
| 27 | | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 | 29 |
| 28 | | Defendant's Decision Not To Testify/To Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 | 30 |
| 29 | | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 | 31 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 30 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 | 32 |
| 31 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 | 33 |
| 32 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 | 34 |
| 33 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 | 35 |
| 34 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 | 37 |
| 35 | | Separate Consideration of Multiple Counts – Single Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 6.11 | 38 |
| 36 | | On or About – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 | 39 |
| 37 | | 18 U.S.C. § 844(f)(1): Destruction of Property by Means of Fire | 18 U.S.C. § 844(f)(1); Togonon v. Garland, 23 F.4th 876, 878 (9th Cir. 2022) | 40 |
| 38 | | 18 U.S.C. § 844(i): Arson Affecting Property Used in Interstate Commerce | 18 U.S.C. § 844(i); Togonon v. Garland, 23 F.4th 876, 878 (9th Cir. 2022) | 41 |
| 39 | | Maliciously | [*Disputed; the parties will file Disputed Instructions.*] | 42 |

vi

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 40 | | 18 U.S.C. § 1855: Timber Set Afire | [*Partially disputed; the parties will file Disputed Instructions.*] | 43 |
| 41 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 | 44 |
| 42 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 | 45 |
| 43 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 | 46 |
| 44 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 | 47 |
| 45 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 | 48 |
| 46 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 | 49 |
| 47 | | Post-Discharge Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 6.31 | 50 |

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 1

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 [Duty of Jury]

1

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 2**

This is a criminal case brought by the United States government. The government charges the defendant with Destruction of Property by Means of Fire, Arson Affecting Property Used in Interstate Commerce, and Timber Set Afire. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

Ninth Circuit Model Jury Instructions, No. 1.2 [The Charges -- Presumption of Innocence] (modified to reflect indictment)

2

<u>**COURT'S INSTRUCTION NO.**</u>

<u>**JOINT PROPOSED INSTRUCTION NO. 3**</u>

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 [What Is Evidence]

3

**COURT'S INSTRUCTION NO.        **

**JOINT PROPOSED INSTRUCTION NO. 4**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 [What Is Not Evidence]

4

<u>**COURT'S INSTRUCTION NO.**</u>

<u>**JOINT PROPOSED INSTRUCTION NO. 5**</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 [Direct and Circumstantial Evidence]

5

### COURT'S INSTRUCTION NO. _____

### JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 [Ruling On Objections]

6

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

7

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 [Credibility Of Witnesses]

**COURT'S INSTRUCTION NO.          **

**JOINT PROPOSED INSTRUCTION NO. 8**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

9

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 [Conduct of the Jury]

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 [No Transcript Available to Jury]

11

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 [Taking Notes]

12

<u>**COURT'S INSTRUCTION NO.**</u>

<u>**JOINT PROPOSED INSTRUCTION NO. 11**</u>

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 [Outline of Trial]

13

**COURT'S INSTRUCTION NO.**

**JOINT PROPOSED INSTRUCTION NO. 12**

A language other than English will be used for some evidence during this trial. When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language translation provided through the official court translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Ninth Circuit Model Criminal Jury Instructions, No. 1.12 [Jury to Be Guided by English Translation/Interpretation]

14

## COURT'S INSTRUCTION NO. \_\_\_\_\_

## JOINT PROPOSED INSTRUCTION NO. 13

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Ninth Circuit Model Criminal Jury Instructions, No. 1.14 [Questions to Witnesses by Jurors During Trial]

15

**COURT'S INSTRUCTION NO. \_\_\_\_\_**

**JOINT PROPOSED INSTRUCTION NO. 14**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 [Bench Conferences and Recesses]

16

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 15**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

Ninth Circuit Model Civil Jury Instructions, No. 1.16 [Publicity During Trial]

17

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 16

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 [Stipulations of Fact]

18

## COURT'S INSTRUCTION NO. \_\_\_\_\_

## JOINT PROPOSED INSTRUCTION NO. 17

You [are about to [hear]] [have [heard]] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling. [[After] [Now that] the recording has been played, the transcript will be taken from you.].

Ninth Circuit Model Criminal Jury Instructions, No. 2.6 [Transcript of Recording in English]

19

**<u>COURT'S INSTRUCTION NO.        </u>**

**<u>JOINT PROPOSED INSTRUCTION NO. 18</u>**

You [are about to [hear][watch]] [have [heard][watched]] a recording in the French language.  Each of you was given a transcript of the recording that has been admitted into evidence.  The transcript is an English-language translation of the recording.

Although some of you may know the French language, it is important that all jurors consider the same evidence.  The transcript is the evidence, not the foreign language spoken in the recording.  Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

Ninth Circuit Model Criminal Jury Instructions, No. 2.7 [Transcript of Recording in Foreign Language]

20

**COURT'S INSTRUCTION NO.** _____

**JOINT PROPOSED INSTRUCTION NO. 19**

You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] [are about to see evidence] that the defendant [summarize other act evidence]. This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s]. You may consider this evidence only for the purpose of deciding whether: the defendant had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment; had a motive or the opportunity to commit the acts charged in the indictment; was preparing or planning to commit the acts charged in the indictment; or did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for Destruction of Property by Means of Fire, Arson Affecting Property Used in Interstate Commerce, and Timber Set Afire, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 2.10 [Other Crimes, Wrongs or Acts of Defendant]

**COURT'S INSTRUCTION NO.**      

**JOINT PROPOSED INSTRUCTION NO. 20**

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 [Evidence for Limited Purpose]

22

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 21

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 [Statements by Defendant]

23

**COURT'S INSTRUCTION NO._____**

**JOINT PROPOSED INSTRUCTION NO. 22**

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  [You may not consider this evidence as evidence of guilt of the crimes for which the defendant is now on trial.]

Ninth Circuit Model Criminal Jury Instructions, No. 3.3 [Other Crimes, Wrongs or Acts of Defendant]

24

**<u>COURT'S INSTRUCTION NO.          </u>**

**<u>JOINT PROPOSED INSTRUCTION NO. 23</u>**

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 3.8 [Impeachment Evidence - Witness]

25

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 24

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 [Opinion Evidence, Expert Witness]

26

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 25

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.17 [Charts and Summaries Admitted into Evidence]

27

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 26**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (May 2023) [Duties of the Jury to Find Facts and Follow Law]

28

## COURT'S INSTRUCTION NO. \_\_\_\_\_

## JOINT PROPOSED INSTRUCTION NO. 27

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 [Charges Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof]

<u>**COURT'S INSTRUCTION NO.**</u>

<u>**JOINT PROPOSED INSTRUCTION NO. 28**</u>

[If defendant does not testify:]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

[If defendant testifies:]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 [Defendant's Decision Not To Testify / To Testify]

<u>**COURT'S INSTRUCTION NO.** </u>

<u>**JOINT PROPOSED INSTRUCTION NO. 29**</u>

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 [Reasonable Doubt - Defined]

31

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 30**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 [What Is Evidence]

32

**COURT'S INSTRUCTION NO.**      

**JOINT PROPOSED INSTRUCTION NO. 31**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 [What is Not Evidence]

33

**COURT'S INSTRUCTION NO.**

**JOINT PROPOSED INSTRUCTION NO. 32**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 [Direct and Circumstantial Evidence]

34

## COURT'S INSTRUCTION NO. \_\_\_\_\_

## JOINT PROPOSED INSTRUCTION NO. 33

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

35

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 [Credibility of Witnesses]

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 34

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 [Activities Not Charged]

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 35

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions, No. 6.11 [Separate Consideration of Multiple Counts]

38

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 36

The indictment charges that the offenses were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

Ninth Circuit Model Jury Instructions, No. 6.18 [On or About -- Defined]

39

**COURT'S INSTRUCTION NO. \_\_\_\_\_**

**JOINT PROPOSED INSTRUCTION NO. 37**

The defendant is charged in Count One of the indictment with Destruction of Property by Means of Fire in violation of Title 18, United States Code, Section 844(f)(1).  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)  The defendant maliciously damaged or destroyed by means of fire;

(2)  A building, vehicle, or other real or personal property;

(3)  The building, vehicle, or other real or personal property was, in whole or in part, owned or possessed by, or leased to, the United States or any institution or organization receiving federal financial assistance.

For purposes of this charge, [insert entities that the parties stipulate received federal financial assistance].

18 U.S.C. § 844(f)(1); Togonon v. Garland, 23 F.4th 876, 878 (9th Cir. 2022).

**COURT'S INSTRUCTION NO.** _____

**JOINT PROPOSED INSTRUCTION NO. 38**

The defendant is charged in Count Two of the indictment with Arson Affecting Property Used in Interstate Commerce in violation of Title 18, United States Code, Section 844(i). For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)  The defendant maliciously damaged or destroyed by means of fire;

(2)  A building, vehicle, or other real or personal property;

(3)  The building, vehicle, or other real or personal property was used in interstate or foreign commerce, or in any activity affecting interstate or foreign commerce.

For purposes of this charge, [insert entities / property that the parties stipulate re: interstate or foreign commerce].

18 U.S.C. § 844(i); Togonon v. Garland, 23 F.4th 876, 878 (9th Cir. 2022)

41

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 39

[*Disputed; the parties will file Disputed Instructions setting forth the parties' positions on the definition of "maliciously."*]

42

**COURT'S INSTRUCTION NO. _____**

**JOINT PROPOSED INSTRUCTION NO. 40**

The defendant is charged in Count Three of the indictment with Timber Set Afire in violation of Title 18, United States Code, Section 1855. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) The defendant willfully and without authority set on fire;

(2) Any timber, underbrush, grass, or other inflammable material;

(3) The timber, underbrush, grass, or other inflammable material was upon the public domain or upon any lands owned or leased by, or under the partial, concurrent, or exclusive jurisdiction of, the United States.

[*The parties will file Disputed Instructions setting forth the parties' positions on the definition of "willfully."*]

For purposes of this charge, [insert stipulated facts regarding jurisdiction].

18 U.S.C. § 1855; United States v. Velte, 331 F.3d 673, 680 (9th Cir. 2003) (approving § 1855 jury instruction stating that "[t]he government is not required to prove that the defendant knew that [his] acts or omissions were unlawful"); Ninth Circuit Model Criminal Jury Instructions, No. 4.8 [Knowingly]

43

**COURT'S INSTRUCTION NO.**

**JOINT PROPOSED INSTRUCTION NO. 41**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 [Duty to Deliberate]

**COURT'S INSTRUCTION NO.** _____

**JOINT PROPOSED INSTRUCTION NO. 42**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.20 [Consideration of Evidence - - Conduct of the Jury]

45

## COURT'S INSTRUCTION NO. \_\_\_\_\_

## JOINT PROPOSED INSTRUCTION NO. 43

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 [Use of Notes]

46

## COURT'S INSTRUCTION NO. _____

## JOINT PROPOSED INSTRUCTION NO. 44

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 [Jury Consideration of Punishment]

47

**<u>COURT'S INSTRUCTION NO.          </u>**

**<u>JOINT PROPOSED INSTRUCTION NO. 45</u>**

A verdict form has been prepared for you.  [Explain verdict form.]

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 [Verdict Form]

48

## COURT'S INSTRUCTION NO. _____
## JOINT PROPOSED INSTRUCTION NO. 46

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 [Communication with Court]

**COURT'S INSTRUCTION NO.** _____

**JOINT PROPOSED INSTRUCTION NO. 47**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

Ninth Circuit Model Criminal Jury Instructions, No. 6.31 (May 2023) [Post-Discharge Instruction]

50