Steven Haney Esq., *Pro Hac Vice*
Haney Law Group, PLLC
22815 Kelly Rd.
Eastpointe, MI 48021
Telephone: (248) 414-1470
E-Mail: steve@haneygroup.net

Attorneys for Defendant

Jacob A. Gillick, Esq., SBN 312336
Gillick Legal, APC
777 S. Alameda, 2nd Floor
Los Angeles, CA 90021
Telephone: (858) 250-0656
E-Mail: JGillick@GillickLegal.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN RINDERKNECHT <br><br> Defendants. | Case No. 2:25-cr-00833-AH <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO TAKE RULE 15 VIDEO DEPOSITION OF ARI SALLUS IN THE STATE OF CALIFORNIA AND FOR ISSUANCE OF SUBPOENA PURSUANT TO 28 U.S.C. § 1783** <br><br> Hearing Date: May 11, 2026 <br> Courtroom: 9C <br> Judge: Hon. Anne Hwang <br><br> Trial Date: June 9, 2026 |

i

## TABLE OF CONTENTS

I. INTRODUCTION                                                                    1

II. FACTUAL BACKGROUND                                                            3

   A. The Charged Offenses and Defense Theory                                  3

   B. The Critical Testimony of Ari Sallus                                      4

   C. Mr. Sallus's U.S. Citizenship and Relocation to London                   5

III. LEGAL STANDARD                                                               6

IV. ARGUMENT                                                                      7

   A. A Rule 15 Deposition of Mr. Sallus Should Be Authorized                   7

      1. Mr. Sallus Is Unavailable to Testify at Trial                        8

      2. The Testimony Is Material and Indispensable                          9

      3. No Countervailing Factors Render the Deposition Unjust               11

   B. The Deposition Should Be Taken by Video Under Rule 15(c)(3)              12

   C. The Court Should Issue a Subpoena Under 28 U.S.C. § 1783                 14

   D. The Sixth Amendment Compulsory Process Clause Independently Requires Authorization of This Procedure                                                   16

V. CONCLUSION                                                                     18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 15 MOTION

# TABLE OF AUTHORITIES

**Federal Cases**

*Chambers v. Mississippi*, 410 U.S. 284 (1973)   17

*Crawford v. Washington*, 541 U.S. 36 (2004)   13

*Maryland v. Craig*, 497 U.S. 836 (1990)   13

*United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008)   13

*United States v. Farfan-Carreon*, 935 F.2d 678 (5th Cir. 1991)   10

*United States v. Hernandez-Escarsega*, 886 F.2d 1560 (9th Cir. 1989)   6, 7

*United States v. Lai Fa Chen*, 214 F.R.D. 578 (N.D. Cal. 2003)   7

*United States v. Medjuck*, 156 F.3d 916 (9th Cir. 1998)   13

*United States v. Olafson*, 213 F.3d 435 (9th Cir. 2000)   6, 7, 8, 11

*United States v. Omene*, 143 F.3d 1167 (9th Cir. 1998)   7, 8

*United States v. Rosenau*, 870 F. Supp. 2d 1109 (W.D. Wash. 2012)   6

*United States v. Salim*, 855 F.2d 944 (2d Cir. 1988)   14

*United States v. Sanchez-Lima*, 161 F.3d 545 (9th Cir. 1998)   7, 8

*United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982)   17

*United States v. Ye*, 436 F.3d 1117 (9th Cir. 2006)   7, 8

*United States v. Zuno-Arce*, 44 F.3d 1420 (9th Cir. 1995)   8, 9

*Washington v. Texas*, 388 U.S. 14 (1967)   17

**Federal Statutes**

18 U.S.C. § 844(f)(1)   3

18 U.S.C. § 844(i)   3

18 U.S.C. § 1855   3

28 U.S.C. § 1783   passim

28 U.S.C. § 1783(a)   14, 15

28 U.S.C. § 1783(b)   15, 18

28 U.S.C. § 1784   15, 18

iii

**Federal Rules**

Fed. R. Crim. P. 15                                       passim

Fed. R. Crim. P. 15(a)(1)                                       6

Fed. R. Crim. P. 15(c)(3)                                    12, 13

Fed. R. Civ. P. 4(f)                                         15, 18

Fed. R. Evid. 804(a)(5)                                          14

Fed. R. Evid. 804(b)(1)                                          14

**Constitutional Provisions**

U.S. Const. amend. VI                                           16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 15 MOTION

# I. INTRODUCTION

This Motion asks the Court to authorize a procedure routinely employed in federal criminal cases involving witnesses abroad: the taking of a Rule 15 video deposition, supported by a subpoena under 28 U.S.C. § 1783.

The witness at issue, Ari Sallus, is a United States citizen who, in the ordinary course of his education, has relocated to the United Kingdom to attend veterinary school. Mr. Sallus is not a fugitive, a target, or a reluctant participant in a scheme. He is a critical exculpatory witness whose geographic relocation—for reasons entirely unrelated to this prosecution—threatens to deprive the defendant of testimony that lies at the heart of the defense case.  The Defendant just learned of his unavailability on April 17th, 2026 and took immediate action to seek this relief.

Mr. Sallus photographed the Lachman Fire at 12:14 a.m. on January 1, 2025—the earliest contemporaneous photographic record of the fire's ignition known to the defense. In essence, he is an eye witness to the Lachman Fire, which Mr. Sallus has emphasized was started by a firework, and not by the Defendant.

Mr. Sallus will testify that at or about the precise time of the fire's origin, he heard a loud bang, similar to the described mortar blast by other witnesses, in the immediate area of the origin area of the fire.  Contemporaneous to hearing the loud bang, he saw a flash of light then took a photograph of the first known ignition of the Lachman Fire. His testimony, corroborated by a fire captain, a firefighter and numerous neighbors near the fire origin area, anchors the defense theory that the Lachman Fire was ignited by fireworks—not by the defendant—and forms a foundational pillar of the defendant's case for acquittal on all three counts of the Indictment.

The procedural posture is straightforward. Mr. Sallus cannot attend the June 9, 2026 trial because his veterinary school enrollment, and his residency in Londonm makes transatlantic travel during the trial window academically

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 15 MOTION

impossible.

Accordingly, the defense requests (1) authorization under Rule 15 to take Mr. Sallus's deposition in the State of California in advance of trial; (2) authorization under Rule 15(c)(3) to conduct the deposition by video, with the defendant participating by secure video link from a United States location, or waiving his appearance; and (3) issuance of a subpoena under 28 U.S.C. § 1783 compelling Mr. Sallus's attendance at the deposition.

Each element of the requested relief is authorized by controlling Ninth Circuit precedent and by the Federal Rules of Criminal Procedure. The defendant's Sixth Amendment Compulsory Process rights independently require authorization of this procedure: the defendant cannot be denied access to exculpatory testimony from a material United States-citizen witness merely because that witness has relocated abroad during the pretrial period.

## II. FACTUAL BACKGROUND

### A. The Charged Offenses and Defense Theory

The defendant is charged in a three-count Indictment with (1) Destruction of Property by Means of Fire, in violation of 18 U.S.C. § 844(f)(1); (2) Arson Affecting Property Used in Interstate Commerce, in violation of 18 U.S.C. § 844(i); and (3) Timber Set Afire, in violation of 18 U.S.C. § 1855. The Government alleges that the defendant ignited the Lachman Fire at Skull Rock Trail in the early morning hours of January 1, 2025, and that the Lachman Fire was the proximate cause of the Palisades Fire that destroyed property in the Pacific Palisades area on January 7, 2025.

The defense will present three principal theories at trial. First, the defense contends that the Lachman Fire was ignited by fireworks discharged by other individuals at or near Skull Rock Trail in the early morning hours of January 1, 2025, and not by the defendant.

Second, the defense contends that the defendant's conduct after the fire's

discovery—including his placement of seventeen 911 calls, his full cooperation with law enforcement, and his navigation data showing departure from the scene—is inconsistent with the behavior of an arsonist and instead consistent with a good samaritan who reported a fire started by someone who lit off a firework.

Third, the defense contends that even if the Lachman Fire were attributable to the defendant, the Palisades Fire on January 7 was the result of superseding intervening causes, principally the negligent abandonment of the smoldering burn scar by the Los Angeles Fire Department and the California Department of Parks and Recreation during the six-day interval between January 1 and January 7, 2025.

The first defense theory—the fireworks alternative cause of the Lachman Fire—is supported by numerous named eyewitnesses who observed or heard fireworks activity at or near Skull Rock Trail at or about the time of the fire's origin. Mr. Sallus is among the most important of these witnesses because he is the only actual eyewitness of the start of the Lachman Fire and his testimony completely erodes the theory of the prosecution that the Defendant started the Lachman Fire with an open flame lighter.

**B. The Critical Testimony of Ari Sallus**

Mr. Sallus is a percipient eyewitness who was physically present in the vicinity of Skull Rock Trail in the early morning hours of January 1, 2025. At approximately 12:14 a.m.—within minutes of the ignition of the Lachman Fire—Mr. Sallus photographed the fire using his personal mobile device. (Haney Decl. pg. 20, ln. 4) The metadata embedded in the photograph establishes the precise time and geolocation of its capture. Mr. Sallus's photograph is, to the knowledge of the defense, the earliest contemporaneous photographic record of the Lachman Fire in existence.

Mr. Sallus is prepared to testify to the following facts, each of which is material and favorable to the defense:

(i) He was physically present near Skull Rock Trail at approximately

3

12:10 a.m. on January 1, 2025;

(ii) He observed a loud bang he will testify in his experience was a ground firework, and saw an immediate flash of light at the precise origin area of the Lachman Fire;

(iii) He photographed the Lachman Fire at 12:14 a.m., approximately within minutes of its origin;

(iv) The photograph he captured, together with its embedded metadata, authenticates the fire's ignition timeline and undermines elements of the Government's origin-and-cause analysis.

(v) He was the first caller to 911 to report the Lachman Fire, and his timeframes coincide almost identical to the time the Defendant called 911 and reported the Lachman Fire;

(vi) The day after the Lachman Fire, he hiked to the burn scar and saw smoldering and bottles which he photographed and told investigators could have been used to ignite the fireworks.

Mr. Sallus's testimony is not cumulative in the sense that it is dispensable. While the defense has identified numerous other witnesses who can testify to fireworks activity, Mr. Sallus is uniquely situated among them because of the photographic evidence he captured and the fact he actually saw and heard  the start of the fire.

Mr. Sallus' testimony authenticates that photograph and places it in the evidentiary context necessary for the jury to credit its probative value. No other defense witness can authenticate Mr. Sallus's photograph or place it in its factual context or disclaim the Government's public proclamation that no fireworks were seen or heard in the Palisades on New Year's Eve. The loss of Mr. Sallus's testimony would correspondingly diminish the defense's ability to place the photograph before the jury in admissible form.

/ / /

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 15 MOTION

### C. **Mr. Sallus's U.S. Citizenship and Relocation to London**

Mr. Sallus is a citizen of the United States. (Haney Decl. pg. 20, p. 5.) In the ordinary course of his education and for reasons unrelated to this prosecution, Mr. Sallus relocated to London, United Kingdom, to attend veterinary school at The Royal Veterinary College Animal Science (Haney Decl. pg. 20, ln. 6.) He resides in London, England and is currently enrolled as a full-time student abroad.

The defense has made reasonable and diligent efforts to secure Mr. Sallus's voluntary attendance at trial. Mr. Sallus has made it clear that traveling to the United States in the middle of June is factually impossible.

However, on an April 22nd, 2026 telephone call with Sallus from London, England, he indicated that he would be in the State of California from May 3rd, 2026 to the end of the month of May and would be willing to sit for a Rule 15 deposition in the State of California during that three week window.

### III. LEGAL STANDARD/ARGUMENT

Federal Rule of Criminal Procedure 15(a)(1) provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial," and that "[t]he court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1).

The Ninth Circuit has articulated a three-part test for Rule 15 motions: the moving party must demonstrate (1) that the witness is unavailable to testify at trial; (2) that injustice would result if the testimony were not preserved; and (3) that countervailing factors do not render the deposition unjust. *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000); *see also United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998). The district court's ruling on a Rule 15 motion is reviewed for abuse of discretion. *Olafson*, 213 F.3d at 442.

The court must find that exceptional circumstances exist and that taking the deposition is in the interest of justice. This determination is case-specific and considers factors such as the materiality of the testimony and the likelihood of the

witness being unavailable for trial. *United States v. Omene*, 143 F.3d 1167 (1998), *United States v. Ye,* 436 F.3d 1117 (2006), *United States v. Sanchez-Lima*, 161 F.3d 545 (1998).

While unavailability is not a strict prerequisite for taking a deposition under Rule 15(a), it is often a significant factor in determining whether exceptional circumstances exist. For example, in *United States v. Sanchez-Lima*, 161 F.3d 545 (1998),  the Ninth Circuit noted that exceptional circumstances typically exist when the witness is unavailable for trial and the absence of their testimony would result in injustice, such as depriving a defendant of crucial exculpatory evidence. *United States v. Sanchez-Lima*, 161 F.3d 545 (1998).   This presents the precise situation in this case if Mr. Sallus could not testify.   However, unavailability is a requirement for the admissibility of the deposition at trial under Rule 15(e). *United States v. Ye*, 436 F.3d 1117 (2006), *United States v. Lai Fa Chen*, 214 F.R.D. 578 (2003).

The testimony must be material to the case. In *United States v. Hernandez-Escarsega*, 886 F.2d 1560 (1989)  the court emphasized that the testimony must be relevant and justified by the circumstances of the case, particularly when the witness is located abroad. *United States v. Hernandez-Escarsega,* 886 F.2d 1560 (1989).  As noted above, for the defense, no testimony may be more material and crucial than the testimony of Ari Sallus.

The district court has broad discretion in granting or denying a Rule 15 motion. The court must weigh factors such as the safety of conducting depositions in foreign locations, the willingness of the witness to testify, and the procedural fairness to both parties. *United States v. Hernandez-Escarsega,* 886 F.2d 1560 (1989), *United States v. Olafson*, 213 F.3d 435 (2000).

In, *United States v. Omene*, 143 F.3d 1167 (1998) the Ninth Circuit clarified that Rule 15(a) does not require a conclusive showing of unavailability or material

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 15 MOTION

testimony before a deposition can be taken. Instead, the court must determine whether exceptional circumstances exist and whether justice would be served by preserving the testimony. *United States v. Omene,* 143 F.3d 1167 (1998).

In *United States v. Sanchez-Lima*, 161 F.3d 545 (1998)  the court found that the district court erred in denying a motion to depose witnesses who were unavailable for trial but willing to be deposed, as their testimony was crucial to the defendant's self-defense theory. *United States v. Sanchez-Lima*, 161 F.3d 545 (1998).

In summary, the Ninth Circuit applies a fact-specific analysis to determine whether exceptional circumstances justify the taking of depositions under Rule 15, particularly when the witness is located outside the United States. The court balances the materiality of the testimony, the witness's unavailability, and the interests of justice while exercising its broad discretion in such matters. *United States v. Omene*, 143 F.3d 1167 (1998), *United States v. Ye*, 436 F.3d 1117 (2006), *United States v. Sanchez-Lima*, 161 F.3d 545 (1998), *United States v. Hernandez-Escarsega*, 886 F.2d 1560 (1989), USCS Fed Rules Crim Proc R 15.

During the meet and confer with the Government, counsel opined that video depositions were not allowed.  This is not accurate.  The Ninth Circuit allows Rule 15 depositions to be conducted by video rather than in person, provided the court determines that exceptional circumstances exist, the interests of justice are served, and the defendant's rights are adequately protected. The decision to order a video deposition is within the court's discretion and does not require the deposition to be conducted in person. USCS Fed Rules Crim Proc R 15,  *United States v. Olafson*, 213 F.3d 435 (2000), *United States v. Medjuck*, 156 F.3d 916 (1998), *United States v. Rosenau*, 870 F. Supp. 2d 1109 (2012).

Where the subject of a Rule 15 deposition is a United States national or resident located in a foreign country, 28 U.S.C. § 1783 authorizes a federal court

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 15 MOTION

to issue a subpoena requiring the witness to appear and testify. 28 U.S.C. § 1783(a). The standard is whether the testimony is "necessary in the interest of justice." *Id.* Enforcement of a § 1783 subpoena is governed by 28 U.S.C. § 1784, which authorizes the court to hold a non-appearing witness in contempt and to seize the witness's property in the United States to compel compliance. 28 U.S.C. § 1784.

### A. A Rule 15 Deposition of Mr. Sallus Should Be Authorized.

The three-part *Olafson* test is satisfied in every respect. Mr. Sallus is unavailable; his testimony is material and indispensable; and no countervailing factor weighs against preservation of his testimony. Each prong is addressed in turn.

#### 1. Mr. Sallus Is Unavailable to Testify at Trial.

A witness who resides abroad and who will not voluntarily appear for trial is "unavailable" within the meaning of Rule 15. *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995) (foreign-resident witness who declined to travel to the United States for trial satisfied Rule 15 unavailability standard); *Omene*, 143 F.3d at 1170 (same). The Ninth Circuit does not require proof that the witness will refuse to attend trial under any circumstances; it requires only a showing of substantial likelihood that the witness's attendance at trial cannot be procured by ordinary means. *Id.*  As noted above, Mr. Sallus's unavailability is established on multiple grounds.

#### 2. The Testimony Is Material and Indispensable; Injustice Would Result from Its Loss.

The second *Olafson* prong—that injustice would result if the testimony were not preserved—focuses on the materiality of the proffered testimony to the moving party's case. *Olafson*, 213 F.3d at 442. Where the testimony goes to a central disputed fact, and where the moving party is the defendant in a criminal case, courts have consistently found the materiality prong satisfied. *See Zuno-*

8

*Arce*, 44 F.3d at 1425.

Mr. Sallus's testimony is material and indispensable for three independent reasons. **First**, he is a percipient eyewitness to the critical period preceding and immediately following the ignition of the Lachman Fire. His observations of fireworks activity at or near Skull Rock Trail directly support the defense's fireworks alternative-cause theory, which if credited by the jury, is dispositive as to Counts One and Three of the Indictment and materially undermines the Government's theory on Count Two. **Second**, he is the sole available witness who can authenticate the 12:14 a.m. photograph of the Lachman Fire—a piece of evidence that establishes the precise ignition timeline and contains embedded metadata material to the defense's origin-and-cause theory. **Third**, his testimony concerning the absence of the defendant at or near the point of origin directly contradicts an anticipated element of the Government's proof and supports the defendant's alibi.

The loss of Mr. Sallus's testimony would prejudice the defense in ways that other witnesses cannot remedy. While approximately twenty eyewitnesses are expected to testify to fireworks activity in the general area, Mr. Sallus is uniquely situated as the only witness whose contemporaneous photograph can be authenticated through his personal knowledge. Without his testimony, the admissibility of the 12:14 a.m. photograph is imperiled, and the defense is deprived of the most temporally precise and forensically robust evidence of the fire's origin available to any party.

### 3. No Countervailing Factors Render the Deposition Unjust.

The third *Olafson* prong asks whether considerations of fairness, efficiency, or prejudice to the opposing party counsel against authorizing the deposition. 213 F.3d at 442. No such considerations are present here.

The Government will suffer no prejudice. A Rule 15 deposition preserves testimony in a form fully available to both parties: the Government will have full

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 15 MOTION

opportunity to cross-examine Mr. Sallus on the record and to record that cross-examination on video for later use at trial. The deposition is scheduled sufficiently in advance of trial to permit any follow-up investigation or motion practice the Government may wish to pursue. The defense proposes to conduct the deposition in mid-to-late May 2026, approximately two to three weeks before trial, which would occur in the State of California, thereby not prejudicing the Government from the opportunity to cross examine the witness, or bear any burden of undue international travel.  Furthermore, this Court has the discretion to allow the Rule 15 deposition to be conducted by video.

The Confrontation Clause presents no obstacle here. The Clause protects the *defendant's* right to confront witnesses *against* him. *Crawford v. Washington*, 541 U.S. 36, 51 (2004); *Maryland v. Craig*, 497 U.S. 836, 844 (1990). Mr. Sallus is a defense witness whose testimony the defense seeks to introduce in its case-in-chief. The Government, at the deposition, will have full and adversarial cross-examination in the presence of the defendant's counsel and with the defendant participating by video, or by waiver of his presence. There is no constitutional infirmity in this arrangement when the testimony is offered by the defense.

**C. The Court Should Issue a Subpoena Under 28 U.S.C. § 1783.**

Despite Mr. Sallus' willingness to sit for the Rule 15 deposition, the Court should issue a subpoena under 28 U.S.C. § 1783 compelling his appearance at the Rule 15 deposition. Section 1783(a) provides:

> A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country, or requiring the production of a specified document or other thing by him, if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 15 MOTION

28 U.S.C. § 1783(a).

Three predicates must be established. First, the witness must be a United States national or resident in a foreign country. Mr. Sallus is a United States citizen residing in the United Kingdom. (Haney Decl. pg. 20, ln. 5.) Second, the testimony must be "necessary in the interest of justice." 28 U.S.C. § 1783(a). As set forth above, Mr. Sallus's testimony is material, exculpatory, and indispensable to the defendant's Sixth Amendment rights. No definition of "interest of justice" can exclude testimony of this character in a felony prosecution carrying a potential sentence of decades in federal custody. Third, the court must direct the payment of reasonable travel and attendance expenses. 28 U.S.C. § 1783(b). The defense is prepared to bear those expenses and requests that the Court order.

As Mr. Sallus has indicated he will be in the United States, and the State of California during the month of May 2026, service of the subpoena can be made upon Mr. Sallus by way of personal service.

**D. The Sixth Amendment Compulsory Process Clause Independently Requires Authorization of This Procedure.**

Apart from the statutory and procedural authorities discussed above, the Sixth Amendment's Compulsory Process Clause independently requires the Court to authorize the relief sought. The Compulsory Process Clause guarantees criminal defendants "compulsory process for obtaining witnesses in [their] favor." U.S. Const. amend. VI. The Supreme Court has held that this right is "a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19 (1967). A defendant's right of compulsory process is violated when government conduct, or judicial process that fails to accommodate reasonable defense needs, deprives the defendant of material and favorable witness testimony. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

The procedure sought by this Motion is carefully tailored to avoid any

11

constitutional difficulty. It preserves the Government's full right of cross-examination; it permits the defendant's meaningful participation through video link; it addresses unavailability through a documented medical-school schedule rather than a contrived or strategic absence; and it provides enforcement through the contempt and asset-seizure mechanisms of § 1784. The Court should authorize the procedure and issue the subpoena.

## V. CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court enter an Order:

(1) Authorizing the defense to take the deposition of Ari Sallus pursuant to Federal Rule of Criminal Procedure 15, in the State of California during the month of May 2026 at a time and location mutually agreed upon by the parties, but no later than May 29, 2026;

(2) If necessary, authorizing the deposition to be conducted by video pursuant to Federal Rule of Criminal Procedure 15(c)(3), with the defendant participating by secure video link from a location in the United States designated by defense counsel, or by waiver of his appearance;

(3) Issuing a subpoena under 28 U.S.C. § 1783 compelling Mr. Sallus to appear at the deposition.;

(4) Directing that the defense shall bear the reasonable travel and attendance expenses of the witness as provided by 28 U.S.C. § 1783(b);

(5) Directing service of the subpoena through any means authorized by Federal Rule of Civil Procedure 4(f).;

(6) Providing that, in the event of non-compliance, the Court may invoke the enforcement remedies provided by 28 U.S.C. § 1784, including contempt and seizure of property in the United States; and

/ / /

/ / /

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 15 MOTION

(7) Granting such other and further relief as the Court deems just and proper.

Dated: April 23, 2026

Respectfully submitted,

/s/ Steven A. Haney
**STEVEN A. HANEY**
HANEY LAW GROUP, PLLC
Attorney for Defendant

13