TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney & Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3359/8644/6530
    Email:    mark.williams@usdoj.gov
                matthew.o'brien@usdoj.gov
                danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-833-AH |
| Plaintiff, | |
| v. | DISPUTED PROPOSED STATEMENT OF THE CASE |
| JONATHAN RINDERKNECHT, aka "Jonathan Rinder," aka "Jon Rinder," | Trial Date: June 8, 2026 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, and Danbee C. Kim and defendant Jonathan Rinderknecht, by and through his counsel of record, Steven A. Haney, Sr. hereby submit their Disputed Proposed Statement of the Case in the above-captioned case.

Dated: May 6, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney
Chief, Criminal Division

/s/

MARK A. WILLIAMS
MATTHEW W. O'BRIEN
DANBEE C. KIM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: May 6, 2026

*/s/ per email authorization on 5/6/2026*
STEVEN A. HANEY, SR.

Attorney for Defendant
JONATHAN RINDERKNECHT

## GOVERNMENT'S PROPOSED STATEMENT OF THE CASE

Defendant Jonathan Rinderknecht is charged by Indictment with three counts – one count of Destruction of Property by Means of Fire, one count of Arson Affecting Property Used in Interstate Commerce, and one count of Timber Set Afire.  The Indictment alleges that on January 1, 2025, defendant Jonathan Rinderknecht willfully and maliciously lit a fire that came to be known as the Lachman Fire and Palisades Fire that spread and burned for approximately thirty days.  The Indictment also alleges that the fire damaged property owned by the United States and institutions and organizations that received federal financial assistance, and also damaged property used in, or in any activity affecting, interstate or foreign commerce.

Defendant Jonathan Rinderknecht has pleaded not guilty and denies all of the charges in the Indictment.

## DEFENDANT'S PROPOSED STATEMENT OF THE CASE

Defendant Jonathan Rinderknecht is charged by Indictment with three federal offenses—Destruction of Property by Means of Fire, Arson Affecting Property Used in Interstate Commerce, and Timber Set Afire—arising from a fire that began on January 1, 2025 and came to be known as the Lachman Fire and the Palisades Fire. The Government alleges that Mr. Rinderknecht set the fire intentionally. Mr. Rinderknecht has pleaded not guilty. He denies setting the fire and contends that the Lachman Fire was ignited by fireworks discharged on New Year's Eve, and that the Palisades Fire that followed six days later was the result of intervening causes for which he is not responsible.

## Government's Position

The defense's attempt to embed its theory of the case within the statement of the case is improper because that statement is intended to provide a neutral, procedural overview—not advocacy. See Ninth Circuit Judges' Trial Manual, ch. 2, at 56. (2025)

(Referring to a "neutral" statement of the case to be read to prospective jurors). Its purpose is to orient prospective jurors to the nature of the charges and the parties involved, not to argue disputed facts or preview competing narratives. Allowing the defense to insert its theory at this stage risks confusing jurors, inviting premature judgments, and undermining the court's role in ensuring a fair and impartial jury selection process. In addition, the government filed a motion in limine to exclude inadmissible evidence related to intervening cause (i.e., the fire department's emergency response) and objects to including that reference in the statement of the case.

By contrast, the government's proposed statement appropriately confines itself to a straightforward overview of the indictment (but also does not include all of the allegations in the indictment). It summarizes the charges as allegations only, without argument, and makes clear that the defendant has pleaded not guilty and denies the charges in the Indictment. This approach respects the limited function of the statement of the case, avoids prejudicing the jury pool, and preserves each party's opportunity to present its theory through proper channels, such as jury addresses and the presentation of evidence at trial.

The defense's arguments and references to case law concerning jury instructions are inapposite.  The jury will be read the statement of the case before hearing any evidence so there is no foundation for this information (a necessary requirement before even considering a jury instruction on these issues at the end of trial).  Moreover, the defense's factual assertions and arguments may be rendered inapplicable during the course of trial.  Potential jurors do not need to be instructed on the government's theory of the case or the defense's theory of the case during jury selection.  The defense's attempt to inject factual arguments at this stage will bias the jury pool before jury selection even begins.  The defense is not entitled to preview potential defenses with prospective jurors and then discuss jurors' views of those defenses during jury selection.

**Defendant's Position**

The Ninth Circuit Judges' Trial Manual does not prohibit a bilateral statement; it calls for neutrality—which means balance, not unilateral recitation of the prosecution's allegations only. The Government's own statement is not neutral: it characterizes the conduct as "willfully and maliciously" set, recites that the fire "spread and burned for approximately thirty days," and adopts the Indictment's contested allegations of damage to federally-assisted property and interstate commerce as the case's introductory framing. The defense's statement, by contrast, uses only the language of denial and contention: Mr. Rinderknecht "denies" causing each fire and identifies what the defense "contends" caused them—mirroring the Indictment's own use of "alleges."

A juror who could not fairly consider an alternate-cause defense in a federal arson case—who would refuse on principle to credit evidence that fireworks ignited the fire, or to consider firefighter conduct as a cause of the subsequent reignition—must be identified and excused before the case begins, and that assessment cannot occur if prospective jurors are told only what the Government alleges and deprived of the Defense's theory.

Withholding any reference to the defense theory produces a one-sided introduction that frustrates the truth-seeking function of voir dire. Mr. Rinderknecht respectfully requests that the Court adopt the defense's proposed statement of the case or, in the alternative, modify the joint statement as set forth above.

Under Ninth Circuit law applicable in the Central District of California, a criminal defendant is entitled to a jury instruction on the defense theory of the case when the theory is supported by law and has some foundation in the evidence, even if the supporting evidence is weak or disputed, so long as a rational jury could sustain the defense. United States v. Houston, 648 F.3d 806 (9th Cir. 2011), United States v. Whittemore, 776 F.3d 1074 (9th Cir. 2015). While the Court retains discretion over wording and need not adopt the defense's preferred phrasing, the instructions as a whole must fairly and adequately encompass the defense theory; otherwise, refusal to instruct

on a legally and factually supported defense theory is error. United States v. Shen Zhen New World I, LLC, 115 F.4th 1167 (9th Cir. 2024), United States v. Whittemore, 776 F.3d 1074 (9th Cir. 2015).  The Defense contends the proposed instructions meets the standards prescribed by the 9th Circuit.