TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney &
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3359/8644/6530
    Email:      mark.williams@usdoj.gov
                matthew.o'brien@usdoj.gov
                danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 25-833-AH |
|---|---|
| Plaintiff, | |
| v. | DISPUTED PROPOSED EVIDENCE AND LIMITING INSTRUCTION REGARDING DEFENDANT'S REFLECTIONS ON BIBLE BURNING |
| JONATHAN RINDERKNECHT, aka "Jonathan Rinder," aka "Jon Rinder," | |
| Defendant. | Trial Date: June 8, 2026 |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, and Danbee C. Kim and defendant Jonathan Rinderknecht, by and through his counsel of record, Steven A. Haney, Sr. hereby submit their Disputed Proposed Evidence and Limiting Instruction Regarding Defendant's Reflections of Bible Burning in the above-captioned case.

Dated: May 26, 2026                    Respectfully submitted,


                                       ____/s/_____
                                       MARK A. WILLIAMS
                                       MATTHEW W. O'BRIEN
                                       DANBEE C. KIM
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA


Dated: May 26, 2026

                                       ___/s/ per email authorization on 5/26/2026___
                                       STEVEN A. HANEY, SR.

                                       Attorney for Defendant
                                       JONATHAN RINDERKNECHT

2

**GOVERNMENT'S PROPOSED EVIDENCE**

The government proposes eliciting limited testimony and presenting the following redacted excerpt related to defendant's state of mind in response to burning a personal object (a Bible). The testimony and the accompanying exhibit have been narrowly tailored to address the Court's concerns as follows:

In defendant's ChatGPT records, there was a prompt entered by defendant in November 2024. It read "maybe like 3 months ago or something. Like, the realization of all this. I literally burnt [REDACTED] that I had. It felt amazing. I felt so liberated. [REDACTED] I just needed to go. I needed to go. Like I needed to burn it. And now I don't feel bad. And I don't feel bad doing it.  [REDACTED] Call me intense. Call me crazy or whatever you want. But when this hit me... I was in my shower. For days. And in my bed. Just crying. And being in shock. Feeling so lonely. Outside of this... Weird world that I had put in this whole time. Back to the harsh reality that I'm actually in. And it also changes completely your perspective on life. Because now, you don't have to live. You don't have to live for something else. You don't have to live. You're like free."

**GOVERNMENT'S PROPOSED LIMITING INSTRUCTION**

You have heard testimony [are about to hear testimony] that defendant burned a personal belonging and contemplated his feelings about the act in November 2024.  You may consider this evidence only for the purposes of deciding whether defendant had the state of mind, knowledge, intent, or motive to commit the crimes charged in the indictment.  Do not consider this evidence for any other purpose.

The defendant is not on trial for burning a personal belonging. You may not consider the evidence as a substitute for proof that the defendant committed the crimes charged nor transfer the intent from one act involving a personal belonging to the acts charged in the indictment.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  You may not use this evidence to conclude that because the defendant may have committed the other act, he

must also have committed the acts charged in the indictment.  Ninth Circuit Model Criminal Jury Instructions, No. 2.10 [Other Crimes, Wrongs or Acts of Defendant] (modified).

**Government's Position**

The proposed redacted evidence relating to the bible burning is admissible as inextricably intertwined and also as Rule 404(b) evidence of defendant's motive, intent, knowledge, and lack of accident or mistake when he committed the charged offenses. Amidst months of feeling angry at the wealthy, helpless in the face of the rich and powerful, and stressed to do something about his pent-up emotions, in the month prior to the charged offenses defendant contemplated the liberation and relief he felt when he burned a bible earlier that year.  This contemplation is part of defendant's escalating emotional and mental state and is necessary to provide the jury with a coherent story of his actions, United States v. Vizcarra–Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995), and a full picture of his motive and state of mind on January 1, 2025, United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005).  Specifically, the evidence shows that in November 2024 defendant was reflecting upon the liberation and relief he had enjoyed from burning something months earlier, as the pressures and anger he was experiencing were escalating (as other admissible evidence will show).  This contemplation in the month prior to setting the charged fire evidences part of his motive for the arson: liberation and relief.

By removing references to a Bible or religion, the government's proposed evidence effectively removes any risk of emotional provocation.  To the extent the Court believes there is a lingering risk of undue prejudice, the government's proposed limiting instruction further ameliorates any residual risk.  See United States v. Cherer, 513 F.3d 1150, 1159 (9th Cir. 2008).

**Defendant's Position**

Defendant objects to the Government's proposal to elicit testimony regarding his August 2024 burning of a personal belonging, even in redacted form and accompanied by a limiting instruction. This evidence is precisely what the Court already excluded on May 13, 2026, when it granted the defendant's motion to exclude reference to the Bible burning as violating FRE 403. The ChatGPT excerpt the government proposes presents an identical problem: the emotional language ("amazing," "liberated," "felt so liberated") is calculated to invite the jury to draw a propensity inference—i.e., that a person who finds burning cathartic is more likely to have committed arson.  It is the defendant's position that a limiting instruction is no fix here. The evidence's prejudicial appeal is its probative value. See United States v. Bland, 908 F.2d 471 (1990) (limiting instructions were insufficient to cure the undue prejudice caused by the admission of highly prejudicial evidence). The instruction the government proposes expressly asks jurors not to consider "propensity"—yet propensity is the only meaningful relevance the evidence carries.  The defendant does not agree to the admission of this evidence, with or without limiting instructions.

3