TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney &
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection Section
        1400 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:  (213) 894-3359/8644/6530
        Email:        mark.williams@usdoj.gov
                        matthew.o'brien@usdoj.gov
                        danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-833-AH |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING GENERAL VERDICT FORM |
| v. | |
| JONATHAN RINDERKNECHT,<br>  aka "Jonathan Rinder,"<br>  aka "Jon Rinder," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, and Danbee C. Kim, hereby files this Supplemental Brief Regarding General Verdict Form.

//

//

//

This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 1, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney &
Chief, Criminal Division


    /s/
MARK A. WILLIAMS
MATTHEW W. O'BRIEN
DANBEE C. KIM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

The government submits this supplemental brief in response to the Court's comments at the pre-trial conference on May 27, 2026.

At the hearing, the Court expressed concern about a hypothetical situation in which jurors (1) find that defendant maliciously started the fire on January 1, 2025, (2) reject the government's theory that the fire on January 7, 2025 was a "holdover" fire, and (3) find that the government failed to prove the jurisdictional hooks for the properties that burned on January 1, but (4) find that the government did prove the jurisdictional hooks for some of the properties that burned on January 7 and thereafter, and therefore find defendant guilty. The government respectfully submits that the Court's hypothetical is an impossibility and is foreclosed by the jury instructions.

If the jury does not find that the fire on January 7 was a holdover, then the jury could not possibly find that defendant caused any property to burn on January 7 or thereafter. If the government cannot prove the holdover theory beyond a reasonable doubt, then it would not matter how many properties the jury could find burned on January 7 or thereafter because there would be no "but for" causation for the burning of those properties. The agreed-upon jury instructions (Joint Proposed Instructions Nos. 37 and 38) confirm the foregoing. The third element in each instruction (the jurisdictional hook) is tethered to the first and second elements.

This is analogous to cases involving one count of Felon in Possession of a Firearm or Ammunition in violation of 18 U.S.C. § 922(g), where the indictment alleges several different firearms or rounds of ammunition that were in interstate commerce. In such a case, if one firearm was found in the glove compartment of a car and the rounds of ammunition were found in the trunk, the jury could convict the defendant for that single count based on (1) the firearm in the glove compartment if it had been in interstate commerce or (2) the ammunition in the trunk if it had been in interstate commerce. However, if the jury rejects the government's theory that the defendant possessed the ammunition in the trunk and also rejects the government's theory that the firearm was in

interstate commerce, the jury could <u>not</u> convict the defendant of possessing the firearm based on the interstate nexus of the ammunition.  This outcome is rendered legally impossible by the jury instructions.  <u>See</u> Ninth Circuit Model Jury Instruction No. 14.15 [Firearms-Unlawful Possession].  Here, the Court's hypothetical is similarly rendered impossible by Joint Proposed Instructions Nos. 37 and 38, wherein the jurisdictional hooks are tied to the actus reus.

The government will not, and could not, argue to the jury that defendant could be found guilty for causing properties to burn on January 7, 2025 even if the jury discredits the holdover theory.  This would be legally impermissible.  (To be clear, the government does not claim that defendant went up on the hill on January 7 and started a second fire; the sole alleged actus reus is defendant setting fire to vegetation just below the Hidden Buddha clearing at around 12:12 a.m. on January 1).  The jury will not be confused.  And it would be improper to require a special verdict form solely on the concern that jurors might not follow the Court's instructions.  <u>See, e.g.</u>, <u>United States v. Ovsepian</u>, 113 F.4th 1193, 1201-02 (9th Cir. 2024) ("we 'presume that jurors follow the jury instructions' they are given and do not indulge theories of liability on which they were not instructed") (quoting <u>Doe v. Busby</u>, 661 F.3d 1001, 1017 (9th Cir. 2011) and citing <u>Fields v. Brown</u>, 503 F.3d 755, 782 (9th Cir. 2007) (en banc)).  Otherwise, special verdict forms would be the rule, not the exception.

If the Court is concerned about juror confusion, or that the government is going to try to mislead the jury (the government will do no such thing), then the solution would not be an unprecedented special verdict form in an arson case.  Instead, the Court could simply modify Joint Proposed Instructions Nos. 37 and 38 to make clear that the jury must find that the damage to certain properties (to satisfy the jurisdictional hooks) must have been caused by defendant.  (To be clear, the government believes the instructions already do so.)  For example, in Joint Proposed Instruction No. 37, the Court could combine the second and third elements, so that the elements in the instruction read:

2

(1)  The defendant maliciously damaged or destroyed by means of fire;

(2)  A building, vehicle, or other real or personal property that was, in whole or in part, owned or possessed by, or leased to, the United States or any institution or organization receiving federal financial assistance.

This would foreclose the possibility that jurors could find that some property that burned on January 7 or thereafter could support a guilty verdict even if the Palisades Fire were not a holdover; the "by means of" clause requires but-for causation.

For the foregoing reasons, the government disagrees with the Court's comment that the Court's decision on a special verdict form could hinge on the parties' closing arguments.  The Court should make a decision on the verdict form well before the closing arguments so that the parties can tailor their closing arguments accordingly.  The government's argument that defendant can be found guilty of Counts One and Two even if the jury rejects the holdover theory (based on the properties that burned on January 1, 2025) (e.g., Dkt. No. 89 at 5:4-7:7) would not trigger a need for a special verdict form, because, in order to find defendant guilty, the burned properties must have burned "by means of" the fire defendant set, as the jury will be instructed in Joint Proposed Instructions No. 37 and 38.  If the jury rejects the government's holdover theory, there is no possibility that the jury could convict defendant for burning properties on January 7 because defendant did not cause those same properties to burn, and the jury instructions make that clear.

Finally, the government does not believe that it would be possible to formulate a special verdict form to address the possibility that the jury will behave irrationally, without 1) inadvertently inserting a unanimity requirement that does not exist (thereby causing more confusion), or (2) breaking down facts that the jury would need to decide before finding that an element was met, which would be peering into the jury's deliberative process.  The jury instructions, rather than a special verdict form, are the appropriate vehicle to address the Court's concern.

3