TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney &
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection Section
1400 United States Courthouse
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-3359/8644/6530
   Email:     mark.williams@usdoj.gov
           matthew.o'brien@usdoj.gov
           danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 25-833-AH |
| Plaintiff, | FINAL JOINT PROPOSED JURY INSTRUCTIONS |
| v. | |
| JONATHAN RINDERKNECHT,<br>  aka "Jonathan Rinder,"<br>  aka "Jon Rinder,"<br><br>       Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, and Danbee C. Kim, hereby files a copy of the Final Joint Proposed Jury Instructions that the parties emailed to the Court in Microsoft Word format on Sunday, June 21, 2026. As the parties informed the Court in that email, they agree as to all of the proposed

instructions except the one regarding the Los Angeles Fire Department, which the government requests and the defense opposes.

Dated: June 22, 2026                    Respectfully submitted,


                                                    /s/
                                        MARK A. WILLIAMS
                                        MATTHEW W. O'BRIEN
                                        DANBEE C. KIM
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

## COURT'S INSTRUCTION NO. _____

The parties have agreed to certain facts regarding DNA evidence in this case, a stipulation about which has been read to you.  Those facts are now conclusively established.

1

## COURT'S INSTRUCTION NO. _____

You have heard a recording in the French language.  Each of you was given a transcript of the recording that has been admitted into evidence.  The transcript is an English-language translation of the recording.

Although some of you may know the French language, it is important that all jurors consider the same evidence.  The transcript is the evidence, not the foreign language spoken in the recording.  Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

2

**COURT'S INSTRUCTION NO. _____**

You have heard testimony and have seen evidence that the defendant prompted ChatGPT to generate images; searched internet content and made statements about Luigi Mangione; made other statements and how he appeared to Uber passengers; documented information of an arson suspect; accessed media of the Line Fire; video recorded fire engines; was stopped for a traffic violation; and searched internet content regarding the CEO of DoorDash, Tony Xu.

This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether: the defendant had the state of mind, knowledge, or intent necessary to commit the crimes charged in the indictment; had a motive or the opportunity to commit the acts charged in the indictment; or was preparing or planning to commit the acts charged in the indictment.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for Destruction of Property by Means of Fire, Arson Affecting Property Used in Interstate Commerce, and Timber Set Afire, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

## <u>COURT'S INSTRUCTION NO.        </u>

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**[If needed]**

**COURT'S INSTRUCTION NO. _____**

You have heard evidence at [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

## COURT'S INSTRUCTION NO. \_\_\_\_\_

You have heard testimony from Michael Abraham, Alma Abrego, Thomas Guzman, Derek Hill, Kevin Kelm, Heather Leverson, Kevin Miner, Edward Nordskog, and Joshua Pickens, who testified about their opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

## <u>COURT'S INSTRUCTION NO.        </u>

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## COURT'S INSTRUCTION NO. \_\_\_\_\_

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**COURT'S INSTRUCTION NO. _____**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## COURT'S INSTRUCTION NO. \_\_\_\_\_

[If defendant does not testify:]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

[If defendant testifies:]

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

<u>**COURT'S INSTRUCTION NO.** </u>

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## <u>COURT'S INSTRUCTION NO.        </u>

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

## COURT'S INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO. _____**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## COURT'S INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

15

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## COURT'S INSTRUCTION NO. _____

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

## COURT'S INSTRUCTION NO. _____

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

18

**COURT'S INSTRUCTION NO.** _____

The indictment charges that the offenses were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

## COURT'S INSTRUCTION NO. _____

The defendant is charged in Count One of the indictment with Destruction of Property by Means of Fire in violation of Title 18, United States Code, Section 844(f)(1).  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)  The defendant maliciously damaged or destroyed by means of fire;

(2)  A building, vehicle, or other real or personal property;

(3)  The building, vehicle, or other real or personal property was, in whole or in part, owned or possessed by, or leased to, the United States or any institution or organization receiving federal financial assistance.

20

**COURT'S INSTRUCTION NO. \_\_\_\_\_**

The defendant is charged in Count Two of the indictment with Arson Affecting Property Used in Interstate Commerce in violation of Title 18, United States Code, Section 844(i).  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)  The defendant maliciously damaged or destroyed by means of fire;

(2)  A building, vehicle, or other real or personal property;

(3)  The building, vehicle, or other real or personal property was used in interstate or foreign commerce, or in any activity affecting interstate or foreign commerce.

21

## COURT'S INSTRUCTION NO. _____

For purposes of Counts One and Two of the indictment, maliciously means either acting intentionally or with willful disregard of the likelihood that damage or destruction would result to property covered by the statute, meaning that the defendant is subjectively aware of the risk that his action will damage or destroy property and takes the action nonetheless.

**<u>COURT'S INSTRUCTION NO.          </u>**

The defendant is charged in Count Three of the indictment with Timber Set Afire in violation of Title 18, United States Code, Section 1855.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)  The defendant willfully and without authority set on fire;

(2)  Any timber, underbrush, grass, or other inflammable material;

(3)  The timber, underbrush, grass, or other inflammable material was upon the public domain or upon any lands owned or leased by, or under the partial, concurrent, or exclusive jurisdiction of, the United States.

An act is done willfully if done knowingly, voluntarily, and intentionally, not through inadvertence, ignorance, mistake or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted willfully.

## <u>COURT'S INSTRUCTION NO. _____</u>

You must not consider the response of the fire department or city to the Lachman or Palisades Fire as part of your deliberations.  The response by the fire department or city is irrelevant to the charged crimes.

## <u>COURT'S INSTRUCTION NO.</u>

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

# COURT'S INSTRUCTION NO. _____

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## COURT'S INSTRUCTION NO. _____

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

27

## COURT'S INSTRUCTION NO. _____

The punishment provided by law for these crimes is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

28

## COURT'S INSTRUCTION NO. _____

A verdict form has been prepared for you.  [Explain verdict form.]

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**COURT'S INSTRUCTION NO. _____**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

30

## COURT'S INSTRUCTION NO. _____

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence.  Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.