Steven Haney Esq., *Pro Hac Vice*
Haney Law Group, PLLC
22815 Kelly Rd.
Eastpointe, MI 48021
Telephone: (248) 414-1470
E-Mail: steve@haneygroup.net

Attorneys for Defendant

Jacob A. Gillick, Esq., SBN 312336
Gillick Legal, APC
777 S. Alameda, 2nd Floor
Los Angeles, CA 90021
Telephone: (858) 250-0656
E-Mail: JGillick@GillickLegal.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN RINDERKNECHT<br><br>Defendants. | Case No. 2:25-cr-00833-AH<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE THE AI-GENERATED IMAGES AND TO REDACT AND LIMIT PUBLICATION OF GOVERNMENT EXHIBIT 7003**<br><br>[Fed, R, Evid, 106, 401, 403, 611(a)]<br>Hearing Date: October 22, 2026<br>Time: 10:00 a.m.<br>Courtroom: 9C<br>Hon. Anne Hwang<br>Trial Date: November 2, 2026 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on October 22, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9C of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California, Defendant Jonathan Rinderknecht will and hereby does move this Court in limine for an order:

1. Maintaining the Court's pretrial exclusion of the AI-generated images associated with Government Exhibit 7003 and extending that order to preclude any witness from describing, characterizing, or interpreting those images, with the government directed to so instruct its witnesses before they testify;

2. Directing that the section headings appearing on the pages of Exhibit 7003, including "Fire," "Violence," "Capitalism," "Conspiracy Theories," and "Palisades," be redacted before the exhibit is published to the jury, because they are the government's search terms rather than any words of the defendant; and

3. Requiring the government to designate in advance the pages of Exhibit 7003 it intends to publish, and to publish each prompt entry in full rather than in excerpt.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Steven A. Haney, Sr. and the transcript excerpts lodged with it, the records of this case, and any argument presented at the hearing. It is made following the conference of counsel required by Local Rule 7-3, which took place on September 16, 2026.

Dated: September 25, 2026

HANEY LAW GROUP, PLLC

/s/ Steven A. Haney, Sr.

Steven A. Haney, Sr. (P63947)
*Attorney for Defendant Jonathan Rinderkne*

## TABLE OF CONTENTS

I. INTRODUCTION 1

II. THE EXHIBIT 1

III. ARGUMENT 2

A. The Court's Exclusion of the Images Should Continue and Should Reach Any Description of Them 2

B. The Section Headings Are the Government's Words 4

C. Each Prompt Should Be Published in Full 4

IV. CONCLUSION 5

# TABLE OF AUTHORITIES

## CASES


*Old Chief v. United States*, 519 U.S. 172 (1997) 3

*United States v. Wood*, 943 F.2d 1048 (9th Cir. 1991) 4


## RULES AND OTHER AUTHORITIES


Fed. R. Evid. 106 1, 5

Fed. R. Evid. 107 4

Fed. R. Evid. 401 4

Fed. R. Evid. 403 2, 3

Fed. R. Evid. 404(b) 2

Fed. R. Evid. 611(a) 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Government Exhibit 7003 is a 162-page compilation the government assembled from Mr. Rinderknecht's ChatGPT history. Defendant does not ask the Court to exclude the prompts. They are his own words. He asks for three narrow orders so that the jury sees the exhibit itself, and not the government's packaging of it.

First, the AI-generated images, which the Court excluded before the first trial, should remain excluded, and the order should now say expressly what the Court held at trial and no witness may describe them. At the first trial, two government witnesses, Special Agent Michael Montevidoni and Dr. Kevin Kelm, described the images to the jury.

Second, the section headings printed on the pages—"Fire," "Violence," "Capitalism," and the rest, should be redacted, because they are the search terms of the analyst who built the exhibit, not anything Mr. Rinderknecht wrote. Printed above his words, they read as his own labels.

Third, the government should designate in advance the pages it intends to publish, and when a prompt is published, it should be published whole, as Rule 106 requires, and not in fragments.

## II. THE EXHIBIT

Exhibit 7003 (USAO_00028940–00029101) is a forensic extraction of ChatGPT entries from Mr. Rinderknecht's telephone. Each page carries a header stating that the contents are user inputs only; the program's responses are not included.

The pages are grouped under seventeen headings arranged alphabetically, Burn–Bible, Capitalism, Cigarette, Conspiracy Theories, Dad, Emotional State, Family, Finances, Fire, Hiding App on Phone, Investigation, Katie, New Years Eve, Palisades, Phones, Politics, and Violence.

Those headings are not ChatGPT conversation titles, and they are not Mr. Rinderknecht's words. They are the labels of the person who searched the extraction and sorted the results, which is why the same text appears under more than one of them.

The nine pages grouped under "Fire" illustrate the problem. Two of them contain the July 2024 image prompts. The rest do not concern fire in any sense the government contends is relevant: one is about cybersecurity and artificial intelligence; one contains a request for humorous figures of speech that returned common English idioms using the word; one contains the January 2025 cigarette question together with news questions asked after the fire; and the others duplicate material the same exhibit prints under other headings.

## III. ARGUMENT

### A. The Court's Exclusion of the Images Should Continue and Should Reach Any Description of Them.

Before the first trial, the Court excluded the AI-generated images under Rules 404(b) and 403. The images were never shown to the jury, but their substance reached the jury anyway, through witness description.

Special Agent Montevidoni described the images on direct examination, without objection: the saved images showed, he told the jury, "a city that has grass and ice mountains and people in suits eating at restaurants," a "vertical wall," and on the other side "a forest burning," "city structures burning," and "people in the fire." Tr. Vol. 4, 506:10–24.

Dr. Kelm then began narrating them as well: a "dystopian image of a world," a barrier "between the people or the society and the rich," a gate with dollar signs. Tr. Vol. XII, 1451:20–1452:4. When the defense objected, the government argued that the descriptions were already in the record because Special Agent Montevidoni's had drawn no objection. *Id.* at 1453:11–18. The

Court drew the line: the witness "is supposed to be talking about his opinions based on the admissible evidence," *id.* at 1453:3–4; "he is not going to parrot inadmissible evidence," *id.* at 1454:23–1455:1; and "the nature of this testimony is not going to be used as a mechanism to explain inadmissible, particularly, prejudicial evidence," *id.* at 1455:10–12. In rebuttal closing, when the government began to describe the images to the jury as though they were in evidence, the defense objected and the government moved on. Tr. Vol. 10, 2413:20–2415:19.

The retrial should not depend on contemporaneous objections to hold a line the Court has already drawn. A description delivered from the witness stand does the work the picture would do, and it is worse, because the jury cannot check the description against the image. The defense asks the Court to write that line into the order and Order no witness may describe, characterize, or interpret the images, and the government must so instruct its witnesses before they testify.

The government has separately moved to admit the images on the theory that the defense opened the door at the first trial. The defense will file opposition to that motion, and this motion does not repeat the opposition. It asks only that the order on the images also reach descriptions of them.

The images are not Mr. Rinderknecht's statements. They are output a program produced in response to his instructions, over a series of attempts, and the prompts themselves show that the program did not produce what he asked for.

What the images depict is therefore poor evidence of what he intended, while a picture of a burning landscape shown to a jury in a case about the Palisades Fire carries obvious emotional force. That is the imbalance Rule 403 addresses: "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citation omitted).

The prompts stand differently, and Defendant does not object to them,

provided they are presented completely. They are his own words, and the instructions themselves state what the requested image was meant to represent, which was environmental destruction, the Amazon and polar regions, and a barrier separating ordinary people from the wealthy. A jury reading the prompts learns what he was trying to make. A jury told about the pictures learns what the program made instead.

**B. The Section Headings Are the Government's Words.**

A heading that reads "Fire" at the top of a page of the defendant's own writing tells the jury that the defendant filed it there. **He did not.** The government did, after the fact, in the course of building an exhibit for this trial.

Exhibit 7003 is admissible for what the underlying records show. The headings are not records; they are the analyst's organization of them. The Ninth Circuit separates underlying evidence from a party's summary of it: charts or summaries of evidence already admitted "are merely pedagogical devices, and are not evidence themselves." *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991); *see also* Fed. R. Evid. 107 (illustrative aids are not evidence). Nothing about an analyst's choice of search term is a fact of consequence in this action. Fed. R. Evid. 401. And the headings are affirmatively misleading: they read as the defendant's own, and, as the "Fire" section shows, the label often does not match the pages beneath it. Redaction costs the government nothing. The prompts are unchanged; only the analyst's annotation comes off, and the jury decides what the words mean.

**C. Each Prompt Should Be Published in Full.**

The July 2024 entries are single instructions in which the requested imagery and the stated meaning of that imagery appear in the same sentences. Publishing the request while omitting the clause that explains what it was meant to symbolize would present half of one statement. Rule 106 and the Court's authority over the

mode of presenting evidence under Rule 611(a) both supply the answer: when the government publishes a prompt, it publishes the entry.

Defendant also asks that the government identify in advance, with specificity, the pages it intends to publish, to avoid the completeness disputes that arose at the first trial. Designation will also let the parties resolve at the Final Pretrial Conference any remaining objections to specific pages, including pages that repeat entries printed elsewhere in the exhibit. The exhibit spans eighteen months of ordinary use, and most of it has nothing to do with this case. Advance designation lets any dispute be resolved on paper rather than at sidebar with the jury waiting.

## IV. CONCLUSION

Defendant respectfully requests that the Court maintain its exclusion of the AI-generated images and extend it to any description of them by any witness and order the section headings redacted; and require advance designation and complete publication of each prompt entry at trial.

Dated: September 25, 2026

HANEY LAW GROUP, PLLC

/s/ Steven A. Haney, Sr.
Steven A. Haney, Sr. (P63947)
*Attorney for Defendant Jonathan Rinderknecht*

# DECLARATION OF STEVEN A. HANEY, SR.

I, Steven A. Haney, Sr., declare:

1. I am counsel of record for Defendant Jonathan Rinderknecht, admitted pro hac vice, and I tried this case to a jury beginning June 9, 2026. I have personal knowledge of the facts stated here.

2. Government Exhibit 7003 was compiled and sponsored by the government and admitted at the first trial. It bears Bates numbers USAO_00028940 through USAO_00029101. The AI-generated images associated with the exhibit were excluded before trial and were not displayed to the jury.

3. On September 16, 2026, I conferred with counsel for the government pursuant to Local Rule 7-3. The parties were unable to resolve the matters raised in this motion.

5. Pursuant to Section A.5 of this Court's Standing Order for Criminal Cases Assigned to Judge Anne Hwang, generative artificial intelligence was used to generate portions of the foregoing, including formatting of the Notice of Motion and Memorandum of Points and Authorities.

6. I have reviewed the source material for all content so generated and have verified that it is accurate, including by independently confirming the existence, citation, holding, and pinpoint page of every legal authority cited. The artificially generated content complies with my obligations under Rule 11.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 25th, 2026, at Eastpointe, Michigan.

HANEY LAW GROUP, PLLC

/s/ Steven A. Haney, Sr.
STEVEN A. HANEY, SR. (P52808)
Attorney for Defendant
JONATHAN RINDERKNECHT