Steven Haney Esq., *Pro Hac Vice*
Haney Law Group, PLLC
22815 Kelly Rd.
Eastpointe, MI 48021
Telephone: (248) 414-1470
E-Mail: steve@haneygroup.net

Attorneys for Defendant

Jacob A. Gillick, Esq., SBN 312336
Gillick Legal, APC
777 S. Alameda, 2nd Floor
Los Angeles, CA 90021
Telephone: (858) 250-0656
E-Mail: JGillick@GillickLegal.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>JONATHAN RINDERKNECHT<br>Defendants. | Case No. 2:25-cr-00833-AH<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 3 RE: THE JANUARY 24, 2025 INTERVIEW: DESIGNATION, RULE 106 COMPLETION, AND NO WITNESS INTERPRETATION**<br><br>[Fed. R. Evid. 106, 403, 701]<br><br>Hearing Date: October 22, 2026<br>Time: 10:00 a.m.<br>Courtroom: 9C<br>Hon. Anne Hwang<br><br>Trial Date: November 2, 2026 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on October 22, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9C of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California, Defendant Jonathan Rinderknecht will and hereby does move this Court in limine for an order:

1. Requiring the government, within seven days of the Court's order, to designate by recording file and certified-transcript page and line each excerpt of the January 24, 2025 recorded interview it intends to offer, and to produce a certified transcript of any recording from which it designates that has not been transcribed;

2. Permitting the defense to serve counter-designations within seven days after the government's designations, with any disputes resolved before trial;

3. Directing, under Federal Rule of Evidence 106, that any counter-designation the Court finds ought in fairness to be considered with a government excerpt be admitted at the same time, during the government's presentation and over any hearsay objection, and that any excerpt the government offers from the agents' hypothetical questioning include the question that prompted the answer;

4. Precluding any witness from testifying to the meaning, significance, or intended reference of Mr. Rinderknecht's recorded statements, or from paraphrasing them in a manner that departs from the recording and its certified transcript; and

5. Ruling that completion required by Rule 106 does not open the door to evidence the Court excluded before the first trial or, in the alternative, identifying before trial any counter-designation the Court would view as door-opening, so that the defense may withdraw it.

This motion is based on this Notice, the attached Memorandum of Points

and Authorities, the Declaration of Steven A. Haney, Sr., the records of this case, and any argument presented at the hearing. It is made following the conference of counsel required by Local Rule 7-3, which took place on September 16, 2026.

Dated: September 25, 2026

HANEY LAW GROUP, PLLC

/s/ Steven A. Haney, Sr.
Steven A. Haney, Sr. (P63947)
*Attorney for Defendant Jonathan Rinderknecht*

## TABLE OF CONTENTS


I. INTRODUCTION 1

II. BACKGROUND 1

III. ARGUMENT 2

A. Rule 106 Requires Completion at the Time of the Government's Offer, Over a Hearsay Objection 2

B. The Court Should Order Pretrial Designation by Recording File, Page, and Line 2

C. Exhibit 888 Shows Why 3

D. No Witness May Tell the Jury What the Statements Meant 4

E. Rule 106 Completion Does Not Open the Door 5

IV. CONCLUSION 5

# TABLE OF AUTHORITIES

## CASES

*Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988) 2

*United States v. Freeman*, 498 F.3d 893 (9th Cir. 2007) 4

*United States v. Vera*, 770 F.3d 1232 (9th Cir. 2014) 4

## RULES AND OTHER AUTHORITIES

Fed. R. Evid. 106 passim

Fed. R. Evid. 403 4, 5

Fed. R. Evid. 701 4

Fed. R. Evid. 106 advisory committee's note to 2023 amendment

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 24, 2025, ATF agents spent approximately eight and a half hours with Jonathan Rinderknecht. Tr. 1703:12–13 (June 18, 2026). At the first trial, the jury did not hear that conversation. It heard short audio clips selected by the government, each narrated by Special Agent Matthew Beals, who conducted the interview.

One clip, Exhibit 888, runs twenty-five seconds. From it, SA Beals told the jury that Mr. Rinderknecht said "this is what I disrupted," which Beals "took to mean in relation to the fire." Tr. 1747:7–11. On cross-examination he called it "[m]y interpretation" and recited the words a different way: "That's what I deterred or disrupted." *Id.* at 1818:23–1819:5. The certified transcript shows that the sentence sits inside a political discussion that never mentions fire. DE 3043A at 86:1–91:21.

The Court knows this record. The defense asks for four orders: pretrial designation of the excerpts each side will play; contemporaneous completion under Rule 106; a bar on any witness telling the jury what Mr. Rinderknecht's words meant; and confirmation that completion the government's own excerpting requires does not open the door to evidence the Court has excluded.

## II. BACKGROUND

The interview was recorded in more than one file. The certified transcript of the afternoon recording, file 250124_0171.MP3, runs 203 pages and is marked DE 3043. The morning session, file 250124_0170.MP3, is transcribed in a separate 188-page certified transcript marked DE 3043A. Exhibit 888 came from the morning recording. Haney Decl. ¶ 3.

Before SA Beals testified, the government told the Court he would offer "[r]eally, no opinions." Tr. 1583:21–24 (June 17, 2026). He nonetheless told the

jury what Mr. Rinderknecht's words meant, and he recited the operative words three different ways: "this is what I disrupted," Tr. 1747:8; "That's what I disrupted," *id.* at 1818:14; and "That's what I deterred or disrupted," *id.* at 1819:4.

## III. ARGUMENT

### A. Rule 106 Requires Completion at the Time of the Government's Offer, Over a Hearsay Objection.

As amended effective December 1, 2023, Rule 106 provides: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106.

The Advisory Committee explained why: "the prosecution, which has created the situation that makes completion necessary, should not be permitted to invoke the hearsay rule and thereby allow the misleading statement to remain unrebutted. A party that presents a distortion can fairly be said to have forfeited its right to object on hearsay grounds to a statement that would be necessary to correct the misimpression." Fed. R. Evid. 106 advisory committee's note to 2023 amendment. The Supreme Court has long recognized the same principle: when part of a statement is used so that "misunderstanding or distortion can be averted only through presentation of another portion," the completing material is "ipso facto relevant," because the rule of completeness exists to prevent a "distorted and prejudicial impression." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171–72 (1988).

### B. The Court Should Order Pretrial Designation by Recording File, Page, and Line.

An eight-and-a-half-hour conversation cannot be completed clip by clip, in one-sided fragments, at sidebar while the jury waits. The defense proposes a

designation procedure: the government designates the excerpts it will offer by recording file and certified-transcript page and line, the defense counter-designates, and the Court resolves disputes before trial rather than in front of the jury.

Because DE 3043 transcribes only the afternoon recording, the government should also produce a certified transcript of any recording it designates from that has not been transcribed.

The defense has identified its proposed counter-designations. The defense does not ask to admit statements merely because they are exculpatory. Each counter-designation is tied to a government excerpt it completes. Where a counter-designation includes an agent's words, it is offered as the context of Mr. Rinderknecht's answers, not for the truth of the agent's opinion. And where the government offers an answer from the agents' hypothetical questioning, the completing portion includes the question. At pages 88 through 92 of DE 3043, it was SA Beals who raised the theory of punishing the wealthy—"do you think that could be a catalyst?"—and Mr. Rinderknecht answered, "What's your question?" DE 3043 at 88. An answer played without the question that produced it is the misimpression Rule 106 exists to correct.

**C. Exhibit 888 Shows Why.**

Exhibit 888 is twenty-five seconds long. Haney Decl. ¶ 4. SA Beals told the jury that the operative sentence "was preceded by a short history lesson on the only way to make change is if a civilization is exposed to plague or violence." Tr. 1747:9–11. The certified morning transcript shows what that history lesson was. The sentence sits at DE 3043A 90:12–16, inside a four-page discussion of the Federal Reserve, lobbying, and why entrenched power does not yield, *id.* at 86:1–91:21, in which Mr. Rinderknecht describes what history has shown: "to disrupt that, are only really two things… plagues… Or violence… It really just has been

that. Like this is what I disrupted, because they won't let it go." *Id.* at 90:12–16. Nothing in those pages mentions fire, the Palisades, January 1, or anything Mr. Rinderknecht did. Rule 106 requires that the jury hear the passage the twenty-five seconds were taken from.

**D. No Witness May Tell the Jury What the Statements Meant.**

Rule 701 permits lay opinion only where it is rationally based on the witness's perception, helpful, and not based on specialized knowledge. A law enforcement officer who participated in an investigation "may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements." *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014) (citing *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007)). When a case agent tells the jury what a defendant's words meant, his investigative role lends the opinion unmerited credibility, and the testimony becomes a vehicle for his synthesis of the whole case rather than his perception. *Freeman*, 498 F.3d at 903–05.

That is what happened here. SA Beals grounded his interpretation not in what he heard but in the defendant's "other conversations with me about the proximity of the January 1st and the January 7th fires," from which he concluded that the defendant "recognized the two fires were one." Tr. 1818:23–1819:5. The recording is the evidence of what was said, and the jury can decide what an English sentence means.

If the government contends the sentence is ambiguous, the remedy is completion under Rule 106. A witness may testify to what he heard and what he did in response. He may not tell the jury that an ambiguous sentence was an admission. That opinion is not helpful under Rule 701(b), and its capacity to substitute the agent's judgment for the jury substantially outweighs any probative value. Fed. R. Evid. 403.

/ / /

### E. Rule 106 Completion Does Not Open the Door.

Before the first trial, the Court excluded certain evidence under Rules 404(b) and 403. The defense does not ask the Court to revisit those rulings. But completion under Rule 106 is not a defense election. It follows from the government's choice to offer a misleading fragment. If the government could turn its own excerpting into door-opening by the defense, Rule 106 would become a trap. The Court should rule that counter-designations admitted under Rule 106 do not open the door to evidence previously excluded or, in the alternative, identify before trial any counter-designation it would view as door-opening, so that the defense may withdraw it.

## IV. CONCLUSION

For these reasons, Mr. Rinderknecht respectfully requests that the Court grant the motion and enter the order described in the Notice.

Dated: September 25, 2026

HANEY LAW GROUP, PLLC

/s/ Steven A. Haney, Sr.
Steven A. Haney, Sr. (P63947)
*Attorney for Defendant Jonathan Rinderknecht*

**DECLARATION OF STEVEN A. HANEY, SR.**

I, Steven A. Haney, Sr., declare:

1. I am counsel of record for Defendant Jonathan Rinderknecht, admitted pro hac vice. I make this declaration in support of Defendant's Motion in Limine No. 3. I have personal knowledge of the facts stated and could testify competently to them.

3. Special Agent Beals testified that the January 24, 2025 interview lasted approximately eight and a half hours. Tr. 1703:12–13. DE 3043 is the certified transcript of the afternoon recording, file 250124_0171.MP3, and runs 203 pages; it does not transcribe the entire interview, and its first page opens mid-conversation. The morning session, file 250124_0170.MP3, is transcribed in a separate 188-page certified transcript marked DE 3043A. The recording from which Government Exhibit 888 was taken is the morning recording transcribed in DE 3043A.

4. I have reviewed the media file produced as Government Exhibit 888. Its duration is twenty-five seconds.

5. The transcript excerpts quoted in the accompanying Memorandum are true and correct quotations from DE 3043 and DE 3043A, cited by page and line. The trial testimony quoted is from the Reporter's Transcripts of June 17 and June 18, 2026.

6. On September 16, 2026, I conferred with counsel for the government pursuant to Local Rule 7-3 regarding the relief requested. The parties were unable to resolve the matters raised.

7. Pursuant to Section A.5 of this Court's Standing Order for Criminal Cases Assigned to Judge Anne Hwang, generative artificial intelligence was used to generate portions of the foregoing, including formatting of the Notice of Motion and Memorandum of Points and Authorities.

8. I have reviewed the source material for all content so generated and have verified that it is accurate, including by independently confirming the existence, citation, holding, and pinpoint page of every legal authority cited. The artificially generated content complies with my obligations under Rule 11.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 25th, 2026, at Eastpointe, Michigan.

HANEY LAW GROUP, PLLC

/s/ Steven A. Haney, Sr.
STEVEN A. HANEY, SR. (P52808)
Attorney for Defendant
JONATHAN RINDERKNECHT