TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3359/8644/6530
Email: mark.williams@usdoj.gov
matthew.o'brien@usdoj.gov
danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN RINDERKNECHT,<br>aka "Jonathan Rinder,"<br>aka "Jon Rinder,"<br><br>Defendant. | No. CR 25-833(A)-AH<br><br><u>SUPPLEMENTAL BRIEF IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE REGARDING IMPERMISSIBLE DEFENSE EXPERT TESTIMONY</u><br><br>Hearing Date: October 29. 2026<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom of the Hon. Anne Hwang |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, and Danbee C. Kim, hereby files its supplemental brief, per the Court's request, regarding proposed defense expert Thomas Guzman.

//

This brief is based upon the attached memorandum of points and authorities, the government's motion in limine challenging portions of Thomas Guzman's proposed testimony, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 27, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

/s/
MARK A. WILLIAMS
MATTHEW W. O'BRIEN
DANBEE C. KIM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 15, 2026, the government filed a motion in limine challenging portions of both defense experts' revised and expanded disclosures. At the pretrial conference on October 22, 2026, the Court ordered the parties to file supplemental briefing by October 27, 2026, regarding the qualifications of defense expert Thomas Guzman ("Guzman"). This brief is provided in response to the Court's order.

Guzman is not qualified to render expert opinions in three areas: (1) arsonist behavior; (2) the alleged bias of government experts and special agents; and (3) testing by fire research engineers at the Fire Research Laboratory. The government also reasserts, and incorporates by reference herein, the other Daubert, 702, and 403 arguments set forth in the motion in limine challenging Guzman and Ed Nordskog's opinions.[1]

## II. ARGUMENT

### A. Guzman is Not a Behaviorist or Arson Expert; He is Unqualified to Render Expert Opinions in Either Area

Rule 702 requires that an expert by "qualified as an expert by knowledge, skill, experience, training, or education." The defense has yet to provide any basis for or otherwise explain how a former Forest Service Fire Prevention Specialist is qualified to render opinions regarding arsonist behavior. [2]

At the first trial, Guzman confirmed that only 25 percent of his work at the United States Forest Service related to fire investigations (though he attempted to claim

---

[1] The government also challenged proposed defense expert Ed Nordskog's testimony regarding confirmation bias. The Court did not request supplemental briefing on that issue. (See Govt. MIL, Docket No. 302.)

[2] Guzman's lack of training, experience, and qualifications is also relevant for the jury to assess the credibility of his other opinions. Although the government is not challenging Guzman's other opinions in the context of this Daubert motion, the government will challenge Guzman's qualifications and opinions during cross-examination at trial.

that that number is only "a number on paper" and not in "real life"). (Trial Transcript ("Tr.") Vol. 9 at 2251) Other than in this case, he has never been qualified as an expert and has only testified once in a misdemeanor case. When asked about that case, Guzman stated that "I believe I was qualified, but I could be mistaken. That was my – pretty early in my career, and I didn't have a lot of experience." (Id. at 2253.) Guzman also confirmed that he has never worked on a fire origin-and-cause investigation for a criminal case that was charged. (Id. at 2254.)

Further, Guzman testified that he is not familiar with the federal arson statute or even what code section it is in. (Tr. Vol. 9 at 2255.) Nor has he ever testified as an arson expert. He confirmed this point clearly: "So I don't make an arson determination, and I have not been a part of an arson prosecution." (Id. at 2255.) He has also never written an origin-and-cause report in a felony arson case or even in any felony criminal case. (Tr. Vol. 10 at 2271.) Similarly, the defense has not disclosed any training or experience that Guzman has as a behaviorist (much less experience that would qualify him as a behavioral expert), and Guzman has not been tendered as a behavioral expert in this or any other case.

Despite his sworn statement that "I have not been a part of an arson prosecution," Guzman's new revised and expanded expert disclosure seeks to explain away arsonist behaviors because they "raised no investigative concern for him":

> From his experience with reporting parties at wildland fires, Mr. Guzman will testify that the actions the Report describes — repeated 911 attempts, moving to obtain service, approaching responding units, and offering assistance — are actions he has routinely observed from members of the public reporting fires, **and that they raised no investigative concern for him.** He offers no behavioral, motive, or state-of-mind opinion.

(10/2/2026 Revised Guzman Disclosure, p. 7 (emphasis added).)

Given that Guzman has "not been part of an arson prosecution," it is unsurprising that facts related to arsonist behavior "raised no investigative concern for him." Guzman's complete lack of experience in arson cases (and no experience with

behavioral analysis) makes him unqualified to testify regarding arsonist behavior. Even the defense seems to recognize that it has crossed the line with Guzman's behavioral opinion because although he is opining regarding criminal behavior, the next sentence claims that Guzman will provide "no behavioral, motive, or state-of-mind opinion." Not so; this is arson behavior testimony that Guzman is not qualified to provide.

Guzman's opinions are also cumulative of the defense's other expert (Ed Nordskog), and "needlessly presenting cumulating evidence" is something that Rule 403 guards against. The defense provided an expansive revised disclosure explaining how Nordskog will testify regarding various aspects of arsonist behavior. Allowing Guzman to cover the same ground is an attempt to bolster Nordskog's testimony, so Guzman's testimony in this area should excluded on this basis as well.

The defense's brief regarding Guzman's qualifications was filed on October 22, 2026. It does not mention Guzman's arson behavior opinion or address how Guzman is qualified to render that opinion.

**B. Guzman is Unqualified to Render Bias Opinions; His Alleged Bias Opinions are Also Baseless, Irrelevant, and Misleading**

As with his proposed arson behavior testimony, Guzman lacks any qualifications that would permit him to testify that government experts and case agents were biased. He was asked this very question by defense counsel during the first trial: "So how would that preparation of an origin and cause report after a suspect is already identified go to your opinion on potential bias?" (Tr. Vol. 10 at 2333-2334.) Although the Court overruled the government's objections, the Court instructed defense counsel to ask another question when Guzman's answer lapsed into a narrative about "a case agent that's wearing both hats." (Id.)

The defense seeks to emphasize this theme even more forcefully during the upcoming trial. Guzman's revised and expanded expert disclosure, provided earlier this month, states:

> **Opinion 8 — The FRL open-flame testing does not confirm the Report's cause hypothesis, and its timing and design, together with the handling of an investigative lead, are consistent with confirmation bias.**
>
> …
>
> In Mr. Guzman's opinion, that sequence and design are consistent with confirmation bias and do not conform to the methodology the Report's authors were trained to apply.
>
> …
>
> Commissioning new testing of the adopted hypothesis while not pursuing a lead bearing on an excluded one is consistent with the expectation and confirmation bias NFPA 921 cautions against.

(10/2/2026 Revised Guzman Disclosure, pp. 5-6 (emphasis in original).)

Guzman has no qualifications whatsoever to render bias opinions. Guzman has <u>never</u> been thoroughly trained to identify and analyze bias in others, period. Regardless of the limited anti-bias information Guzman may have read in origin and cause guides, he is not an expert in this area who is qualified to render bias opinions in federal court. Federal courts have high standards for experts for good reason – to prevent unqualified experts, like Guzman, from tainting trials with meritless accusations.

Guzman's complete lack of experience with arson cases or criminal investigations also makes him unqualified to render opinions about a case agent supposedly "not pursuing a lead." (10/2/2026 Revised Guzman Disclosure, p. 6.) Guzman's limited work as a fire origin-and-cause expert does not somehow qualify him to attack a case agent's work in a criminal investigation. Guzman's sworn testimony and CV confirm that he has no experience doing investigative work as a case agent (or any law enforcement experience at all) and thus has no experience to support this opinion.

As emphasized in the government's motion <u>in</u> <u>limine</u>, these opinions must also be excluded under Rule 403 given that they are irrelevant and misleading character attacks on government witnesses.

**C. Guzman's Speculative Opinions Do Not Satisfy the Requirements of Daubert and Rule 702**

Even if Guzman were somehow qualified to identify, analyze, and opine about bias (he is not), his testimony in this area is entirely speculative. No basis for his broad bias opinion has been identified; instead, Guzman claims that the timing of the criminal investigation necessarily means the agents were biased. This speculative testimony should not be permitted in a federal criminal trial.

Further, Guzman's proposed bias testimony violates Daubert and Rule 702. Under Rule 702(b), Guzman has not provided "sufficient facts or data" for his bias accusations. Nor has he reliably applied any methodologies for his baseless conclusions under Rule 702(c). No scientific method was applied at all, and no scientific process was followed, a violation of Rule 702(d). These are basic, foundational requirements for all expert testimony. A defense expert cannot simply take the stand and accuse others of being biased.

The same holds true for Guzman's arson behavior opinion. Given that Guzman has no training or experience working as an arson investigator ("I have not been a part of an arson prosecution"), he cannot (and has not) provided sufficient facts or data for his opinion or applied any reliable principles or methods to support his claim that arsonist behavior evidence "raised no investigative concern for him." As such, the defense has not met the basic requirements set forth in Rule 702(a) – (d).

Finally, Guzman's bias claims violate Rule 403 because of the danger of unfair prejudice, confusing the issues, and misleading the jury. Allowing an unqualified expert to lead jurors to believe that government agents are biased, without any basis or analysis at all, is exactly what Rule 403 is designed to prevent.

**D. PMS 412 and NFPA 921 Are Self-Described "Guides," Not Vehicles to Allow Expert Testimony Regarding Bias**

Even if Guzman were qualified to testify regarding bias or arsonist behaviors (he is not), and even if those opinions somehow satisfied Daubert and Rule 702 (they do

not), Guzman's personal opinions about the character of government experts and agents are irrelevant. It would be highly unusual – if not unheard of – to allow a defense expert to opine that a government expert is "biased." It is the jury's job, not Guzman's, to assess the credibility of trial witnesses.

The defense attempts to make Guzman's opinions relevant by pointing to small portions of two "guides" that mention, in passing, that origin-and-cause investigators should guard against bias. The two "guides," the NFPA 921 "Guide for Fire and Explosion Investigations" and the PMS 412 "Guide to Wildland Fire Origin and Cause Determination," provide non-binding suggestions and recommendations for origin-and-cause investigators. They provide no framework or methodology for experts to determine if others are biased; these are simply short recommendations contained within hundreds of pages of other suggestions. This is not the type of "sufficient facts or data" that Rule 702(b) requires. The defense attempts to exaggerate these recommendations into something more in order to somehow justify Guzman's expansive bias opinions. Even if Guzman may have read this guidance, it would not qualify him as an anti-bias expert and allow him to accuse others of being biased.

The defense claims that Guzman will not accuse anyone of being biased but will instead testify that government personnel did not follow the anti-bias guidelines. Guzman's expert disclosure attempts to use clever wordsmithing to make the same point – rather than accuse the investigators and experts of being biased (which is clearly impermissible), his disclosure claims that their "actions" are "consistent with confirmation bias." Opining that experts' <u>actions</u> are "consistent with confirmation bias" is <u>the same</u> as opining that the expert is biased. Clever draftsmanship cannot avoid this conclusion. Bias innuendos should not be permitted any more than accusations of bias.

Cherry-picking portions of non-binding origin-and-cause recommendations does not somehow vest Guzman with the ability to accuse others of being biased. Nor do

these two "guides" transform Guzman into a bias expert simply because he may have read them. This testimony is impermissible.

### E. Guzman is Not a Fire Research Engineer and Cannot Opine Regarding Fire Engineering Laboratory Testing and Analysis

Guzman is not a fire research engineer, has no experience working in a fire research laboratory (or any other laboratory), and has never conducted any fire research testing of his own. Moreover, there is no indication that he has ever used a fire research laboratory to provide data in connection with any of his own origin-and-cause analyses, so he has no experience with reviewing, analyzing, applying, or interpreting fire research data as part of a broader origin and cause analysis. As such, Guzman fails the first prong of the Daubert and Rule 702 analysis because he lacks the training, experience, or qualifications to render opinions regarding fire laboratory testing.

Just as a special agent is not qualified to render opinions about narcotics laboratory testing, Guzman is not qualified to opine about fire laboratory testing. Qualified electrical and fire research engineers will testify at trial regarding their testing and analysis performed at the Fire Research Laboratory and in the field, and the government's origin-and-cause expert will testify about how that engineering analysis was relevant to his origin-and-cause report. The fact that the defense has a single origin-and-cause expert does not mean that he can testify about anything and everything related to the fire, especially given that he has no training or experience in electrical or fire research engineering.

Rule 702 makes clear, in the very first sentence, that an expert must be "qualified as an expert by knowledge, skill, experience, training, or education." Guzman has none of these with respect to fire research engineering.

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court exclude portions of the defense experts' proposed testimony.