Steven A. Haney, Sr., Esq. (Mich. Bar No. P63947)
*Admitted Pro Hac Vice*
Haney Law Group, PLLC
22815 Kelly Rd.
Eastpointe, MI 48021
Telephone: (248) 414-1470
E-Mail: Steve@haneygroup.net

Attorney for Defendant
JONATHAN RINDERKNECHT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN RINDERKNECHT,
aka "Jonathan Rinder,"
aka "Jon Rinder,"

Defendant.

Case No. 2:25-cr-00833-AH

**DEFENDANT'S NOTICE OF POSITION REGARDING SCOPE OF REBUTTAL TESTIMONY OF KEVIN MINER; DECLARATION OF STEVEN A. HANEY, SR.**

Trial Date: November 2, 2026
Courtroom of the Hon. Anne Hwang

After an unsuccessful meet and confer, Defendant Jonathan Rinderknecht submits this notice of his position on the scope of the anticipated rebuttal testimony of government witness Kevin Miner, and requests that the Court resolve the scope of that testimony outside the presence of the jury before Mr. Miner testifies.

**BACKGROUND**

The government disclosed Mr. Miner on February 4, 2026, "as an expert witness in the field of fireworks, explosives and firework explosions, and firework acoustics." His disclosure states, among other opinions, that "a firework very likely was not the cause of the Lachman Fire"; that a firework capable of starting the fire "would have been seen by witnesses in the area, including defendant," and "would have been visible in the video footage"; that bottle rockets "typically do

not contain enough explosive material to start a wildfire under the conditions that were present"; and that investigators did not locate any evidence of fireworks in or near the general origin area.

The government did not call Mr. Miner in its case-in-chief at this trial. It presented its fireworks evidence through other witnesses. Derek Hill testified that his team "excluded fireworks as a cause," that no fireworks appeared in the videos the team reviewed, that Mr. Rinderknecht did not report seeing fireworks, that a search for fireworks debris found nothing, that no one reported seeing fireworks on Hidden Buddha Hill, and that he consulted a fireworks expert whose conclusion was consistent with his. 11/9 Tr. 220:15–222:20.

Special Agent Montevidoni testified that Mr. Rinderknecht said he did not see or hear fireworks and that the investigation ruled fireworks out. 11/10 Tr. 226:8–228:4.

On November 14, 2026, the government advised that, in its view, the scope of Mr. Miner's rebuttal testimony would be the same as at the first trial. The defense disagreed and proposed the limits below. The government agreed that Mr. Miner "doesn't need to go into depth on exhibits already covered by others in the govt's case-in-chief (like the UCSD images, 911 maps, screen recordings, etc)," but the parties have not otherwise reached agreement.

## DEFENSE POSITION

### 1. Rebuttal Should Not Repeat the Case-in-Chief.

Rebuttal testimony is limited to answering evidence first presented in the defense case. It is not an opportunity to present the government's case-in-chief a second time. The jury has already heard, through Mr. Hill and Special Agent Montevidoni, that no fireworks appeared on the videos, that Mr. Rinderknecht and other witnesses did not report seeing fireworks on Hidden Buddha Hill, that no fireworks debris was found, and that the investigators' conclusion was consistent

with a fireworks expert's. Mr. Miner should not repeat that testimony because it is not rebuttal and is cumulative of testimony already offered by two government witnesses.

**2. Mr. Miner Should Not Offer Opinions on Ignition or the Cause of the Fire.**

Mr. Miner is an explosives enforcement officer. His curriculum vitae lists no fire investigator certification and no fire origin-and-cause training. At the first trial, when asked whether the fire could have started earlier, he answered: "You'd have to refer to one of the CFIs. I'm not trained in fire investigations." Trial Tr. (June 15, 2026) 1086:7–10.

Therefore, he should not offer opinions on whether a firework or bottle rocket could ignite the vegetation at the origin area, or on the cause of the Lachman Fire. The Court applied the same principle to the defense when it precluded Mr. Guzman, who is not an engineer, from offering opinions on the lighter testing.

**3. Being Disclosed Does Not Make an Opinion Proper Rebuttal.**

That an opinion appeared in Mr. Miner's February 4, 2026 disclosure does not make it admissible in rebuttal. The limits in Parts 1 and 2 apply to every opinion, disclosed or not, regardless of whether the government characterizes it as responding to defense evidence. Before Mr. Miner testifies, the government should identify each opinion it intends to elicit and the specific defense testimony that opinion rebuts.

**REQUESTED RELIEF**

The defense respectfully requests that the Court (1) direct the government to identify, outside the presence of the jury, each opinion it intends to elicit from Mr. Miner and the defense testimony that opinion rebuts; (2) preclude testimony that

repeats the government's case-in-chief; and (3) preclude opinions on whether a firework or bottle rocket could ignite the vegetation and on the cause of the Lachman Fire.

Dated: November 15, 2026

Respectfully submitted,

HANEY LAW GROUP, PLLC

/s/ Steven A. Haney, Sr.
STEVEN A. HANEY, SR. (P63947)
Attorney for Defendant
JONATHAN RINDERKNECHT

**DECLARATION OF STEVEN A. HANEY, SR.**
**REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

I, Steven A. Haney, Sr., declare as follows:

1. I am counsel of record for Defendant Jonathan Rinderknecht in this matter, admitted pro hac vice. I make this declaration under Section A.5 of the Court's Standing Order for Criminal Cases. I have personal knowledge of the facts stated in this declaration.

2. In preparing Defendant's Notice of Position Regarding Scope of Rebuttal Testimony of Kevin Miner, I used a generative artificial intelligence tool to assist in drafting.

3. I have reviewed the document and verified that the content generated with the assistance of artificial intelligence is accurate and complies with my Rule 11 obligations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 15, 2026, at Los Angeles, California.

/s/ Steven A. Haney, Sr.
STEVEN A. HANEY, SR. (P63947)