TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney &
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Assistant United States Attorney
Chief, Environmental Crimes & Consumer Protection Section
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
DANBEE C. KIM (Cal. Bar No. 350014)
Assistant United States Attorneys
Environmental Crimes & Consumer Protection Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3359/8644/6530
Email: mark.williams@usdoj.gov
matthew.o'brien@usdoj.gov
danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN RINDERKNECHT,
aka "Jonathan Rinder,"
aka "Jon Rinder,"

Defendant.

Case No. 25-833-AH

<u>DISPUTED PROPOSED DUAL ROLE JURY INSTRUCTION</u>

//

//

//

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Mark A. Williams, Matthew W. O'Brien, and Danbee C. Kim submits its position on the Disputed Proposed Dual Role Jury Instruction.

Dated: November 15, 2026

Respectfully submitted,

/s/

MARK A. WILLIAMS
MATTHEW W. O'BRIEN
DANBEE C. KIM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**PROPOSED DUAL ROLE INSTRUCTION**

You have heard testimony from Detective Matthew Casalicchio and Special Agent Michael Montevidoni who testified about facts and their opinions and the reasons for those opinions. Fact testimony is based on what the witness personally saw, heard, or did. Opinion testimony is based on the specialized knowledge, skill, experience, training, or education of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness's opinions, this testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

You also should consider whether the witness testified to personal observations or involvement as a fact witness or testifying to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

<u>Ninth Circuit Model Criminal Jury Instructions</u>, No. 3.15 [Dual Role Testimony].

**<u>Government's Position</u>**

The parties agree on the foregoing language for the proposed jury instruction. The sole dispute is whether Special Agent Matthew Beals should also be included in the instruction.

The government's position remains that Detective Matthew Casalicchio and Special Agent Michael Montevidoni did not offer expert opinions during their testimony. Both witnesses made clear that their understanding of the relevant evidence developed through their investigation and was based on the facts, circumstances, and evidence in this case, rather than on any specialized expertise or technical knowledge. As the model instruction indicates, "[f]act testimony is based on what the witness personally saw, heard, or did," and the testimony of both Detective Casalicchio and Special Agent Montevidoni falls squarely within that. Nevertheless, out of an abundance of caution, the government does not oppose giving the Dual Role Instruction as to Detective Casalicchio and Special Agent Montevidoni.

Special Agent Beals also did not offer opinion testimony from specialized expertise. Rather, he testified about his review of videos and photographs and described what he observed or did not observe in those materials. (e.g. fireworks or no fireworks and light reflections.) This testimony was no different in kind from that of both government and defense lay witnesses who testified about hearing or not hearing what they believed to be fireworks. Special Agent Beals also testified about his interview of the defendant and his observations of the defendant's demeanor during that interview, much like other government and defense witnesses who testified regarding the demeanor of the defendant or neighborhood teenagers. While Special Agent Beals's testimony was informed by his experience and employment as a law enforcement officer, the Ninth Circuit has made clear that an "opinion is not automatically deemed 'expert' within the meaning of Rule 702 merely because it is offered by a lay witness drawing on their own unique experiences or personal knowledge" or because the "testimony concerns a matter that the witness learned about at her job." United States v. Holmes, 163 F.4th 547, 565 (9th Cir. 2025).

Such testimony constitutes proper lay opinion testimony because it is rationally based on the witness's own perceptions, helpful to the jury's understanding of the

evidence, and not based on scientific, technical, or other specialized knowledge. See Fed. R. Evid. 701. Indeed, opinions grounded in firsthand observation comfortably satisfy Rule 602's personal-knowledge requirement, which includes “opinions and inferences grounded in observations and experience.” United States v. Whittemore, 776 F.3d 1074, 1082 (9th Cir. 2015).

Accordingly, there is no basis to include Special Agent Beals in a dual-role instruction directed at witnesses who testify in both lay and expert capacities.

**Defendant’s Position**

Special Agent Beals’ name should be included as he testified that he is the case agent and a certified fire investigator with over 200 fire investigations. He offered testimony such as: The video showed nothing “consistent with a firework”, the light was “consistent with large fire growth” from “that specific origin area, “In my experience… people… may recall things” at a fire scene, and he agreed that topics in the interview were “consistent with other themes” in the digital evidence . Additionally, he was asked by the government, “you were aware that he was lying to you.” He said “Yes” and also described “rants” and a demeanor change (193:15–194:1), and said Jonathan seemed “quite comfortable” (267:24–268:1). Although these are lay impressions, not expert intent opinions, the jury heard them from a 25-year CFI. He also said the “specific origin area” and he kept referring to it as “the opinion of the certified fire investigators” That puts the expert conclusion inside his fact testimony.